56    176
24 SC 351

## Roberts *versus* Orr *et al.*  ·

1. In ejectment under the Act of April 14th 1851, by vendor to enforce performance, to justify a judgment against a defendant not served, it must always appear that the action is one of the class for which the provisions of the act were made, and that the course prescribed has been strictly pursued.

2. When a record complete in itself is used in another case as a ground of defence or claim, if its subject-matter be set forth generally, parol evidence may be adduced to show what was really adjudicated in it.

3. The rule and advertisement required by the Act of 1851 must contain a description of the premises for which the ejectment is brought; it must also appear that the defendant had notice in fact of the suit in time to appear and defend it.

4. In courts of general jurisdiction everything is presumed to be rightly done whenever the court has jurisdiction of the subject-matter and of the parties.

5. The jurisdiction over a party must appear affirmatively before any presumption can arise.

6. Haslett *v.* Foster, 10 Wright 471, approved.

7. Proceedings under Act of April 14th 1851 examined in this case.

November 6th 1867. Before WOODWARD, C. J., THOMPSON, STRONG, READ and AGNEW, JJ.

Error to the Court of Common Pleas of *Armstrong county :* No. 55, to October and November Term 1867.

On the 11th of January 1862, the following writ, No. 61, to March Term 1862 (in the terms of the præcipe), was issued out of the Court of Common Pleas of Armstrong county, to the sheriff of that county :—

[Roberts *v.* Orr.]

" We command you, That you summon W. Milnor Roberts, Wm. F. Johnston, George Jackson, F. R. Brunot, and James E. Breading, so that they be and appear before our Court of Common Pleas, to be holden at Kittanning, in and for said county, on the first Monday of March next, to answer a certain complaint made by Robt. Orr and Jeremiah Bonner, that they, the said W. Milnor Roberts, Wm. F. Johnston, John W. Johnston, George Jackson, F. R. Brunot and James E. Breading, now have in their actual possession a certain tract of land containing about five hundred acres, more or less, situate partly in Pine township and partly in Madison township, Armstrong county, Pennsylvania, bounded and described as follows, &c.,    *    *    *    the right of possession and title to which the plaintiffs aver is in them, and not in defendants," &c.

The writ was returnable March 3d 1862.

To this writ was the following return :—

" Served January 31st 1862, by delivering to George W. Jackson, William F. Johnston and James E. Breading, a true and attested copy of the within writ, and making known to them the contents thereof; also same day served F. R. Brunot, by leaving a true and attested copy of the within writ at his residence with an adult member of his family ; and *nihil* as to W. Milnor Roberts and John W. Johnston.

                    " So answers HARRY WOODS, Sheriff."

" City of Pittsburg, ss.   Personally appeared before me, one of the aldermen in and for said city, Samuel B. Cluley, deputy sheriff of Allegheny county, who being duly sworn, deposeth and sayeth that he served a true and attested copy of this writ upon George W. Jackson, William F. Johnston, and James E. Breading, January 31st 1862.   Also same day served F. R. Brunot, by leaving a true and attested copy of this writ at his residence, with an adult member of his family.

                    " SAMUEL B. CLULEY, Deputy Sheriff."

There was no declaration filed.

On the 3d of March 1862, there was entered a " rule on W. Milnor Roberts, John W. Johnston and the other defendants, to appear and plead to this action on or before the 1st day of June Term 1862, or judgment shall be entered against them in default of such appearance and plea."

This rule was published for six successive weeks in the " Armstrong Democrat," and for four successive weeks in the " Kittanning Free Press," newspapers published in Armstrong county, in the following form :—

6 P. F. SMITH—12

[Roberts *v*. Orr.]

" In the Common Pleas of Armstrong county, No. 61, of March Term 1862.

" Robert Orr and Jeremiah Bonner *v*. W. Milnor Roberts, Wm. F. Johnston, John W. Johnston, George Jackson, F. R. Brunot and James E. Breading.

" And now, to wit, 3d March 1862, rule on W. Milnor Roberts, John W. Johnston and the other defendants, to appear and plead to this action, on or before the 1st day of June Term 1862, or the judgment shall be entered against them, in default of such appearance and plea.   By the court.   Extract from the record.

" Attest, SIMON TRUBY, Jr., Pro."

The docket entry of rendering judgment is as follows :—

" Robert Orr and Jeremiah Bonner *v*. W. Milnor Roberts and others.   Armstrong county, Common Pleas : No. 61, March Term 1862.   And now, to wit, June 8th 1862, on motion of E. S. Golden, attorney for plaintiff, and on due proof of service of the writ, and publication of the rule to plead, it is now ordered and adjudged by said court, that judgment be entered for want of an appearance against the defendants served with the writ, and for want of a plea against all the defendants, for the land described in the writ, with costs of suit."

An habere facias was issued, and possession of the premises was delivered to the plaintiffs by the sheriff on the 30th of May 1863.

On the " 12th day of September 1866, W. Milnor Roberts (one of the above-named defendants) appears by John Gilpin, his attorney, and moves the court to set aside or vacate as to him, the said W. Milnor Roberts, the judgment entered in the above-entitled cause, for the reason that the writ of summons was not served upon him, the said W. Milnor Roberts, as appears by the record of the court in said cause."

On the same day, " rule to show cause why the above motion made should not be granted."

On the 6th of February 1867, the court (Buffington, P. J.) delivered the following opinion, and discharged the rule :—

" It is possible that this judgment was not entered in strict conformity with the Acts of Assembly, as construed by the Supreme Court.   If the question depended alone upon that, perhaps our conclusion might be otherwise, although the adjudged cases are not exactly parallel.

" The judgment was entered on the 7th June 1862, and no effort was made to disturb it until September 1866, a period of more than four years.   This delay under the circumstances is unreasonable.   Men ought not to sleep upon their claims, and watch their opportunity either to acquiesce in or assail the judgment of a court, as altered circumstances may make it their inte-

[Roberts *v.* Orr.]

rest to do the one or the other, especially as it is alleged that the defendants' claim rests entirely upon a mere contract, long neglected, and in no part performed by him.

" This is an application to the discretion of the court, and from the length of time elapsed, and the great rise in the price of real estate, especially this property, we are not disposed to interfere with this judgment. We do this the more willingly, as this judgment is not final.

" The rule to vacate and set aside the judgment is therefore discharged."

Roberts took a writ of error, and assigned for error that the court erred :—

1. In entering judgment against W. Milnor Roberts on the 7th day of June 1862.

2. In refusing to grant the motion of W. Milnor Roberts to vacate or set aside, as to him, the judgment entered in this cause.

*J. Gilpin,* for plaintiff in error, cited Acts of April 14th 1851, § 11, Pamph. L. 614, 18th of April 1853, § 1, Pamph. L. 467, 13th of April 1858, § 1, Pamph. L. 256, Purd. 365, pl. 6; 8, 9; Haslett *v.* Foster, 10 Wright 471 ; Magna Charta, cap. 29 ; Devereux *v.* Roper, cited in 1 Tr. & H. Pr. 575.

*E. S. Golden,* for defendants in error, cited Tr. & H. Pr. 657, 659 ; Morrison *v.* Wetherell, 8 S. & R. 504 ; Ewing *v.* Thompson, 7 Wright 372 ; Ewing *v.* Filley, Id. 384 ; Hall *v.* Law, 2 W. & S. 136 ; Humphreys *v.* Rann, 8 Watts 80 ; Fowler *v.* Jenkins, 4 Casey 176 ; Hauer's Appeal, 5 W. & S. 473 ; Baird *v.* Campbell, 4 Id. 191 ; Billings *v.* Russell, 11 Harris 189 ; Hawthorn *v.* Bronson, 16 S. & R. 279 ; Callen *v.* Ferguson, 5 Casey 247 ; Meyers *v.* Hill, 10 Wright 12 ; Acts of 1851, 1853 and 1858, *supra;* Haslett *v.* Foster, 10 Wright 471 ; Olmstead's Case, Brightly R. 9 ; Dwarris on Stat. 674.

The opinion of the court was delivered, November 14th 1867, by

STRONG, J.—It is plain that the judgment against Roberts, whether entered for want of an appearance, or in default of a plea, was unauthorized, and that it cannot be sustained if there was no service upon him of the writ or of the rule to plead, or something done that by Act of Assembly is made equivalent to service. The action was ejectment against Roberts and five other defendants, for a tract of land in Armstrong county, and the writ was returned as served upon four of the defendants and " nihil" as to Roberts and one other. From the affidavit of service, it appears to have been made by the deputy sheriff of Allegheny county. On the day on which the writ was returnable, a rule was taken on all the defendants to appear and plead on the first

day of the next ensuing term, on penalty of judgment in default of such appearance and plea. The rule having been published more than sixty days before the return-day thereof, and no appearance or plea having been entered, the court at the said second term gave judgment for want of an appearance against the defendants served with the writ, and for want of a plea, against all the defendants, including Roberts, as to whom the sheriff *had* returned "nihil." That this would have been grossly irregular in any ordinary ejectment is but faintly denied. But it is said this was an ejectment by a vendor to enforce a specific performance of the agreement against his vendee or vendees claiming under him for land upon which there was no person resident, and therefore that the judgment was warranted by the Act of Assembly of April 14th 1851. By that act it was enacted, that in any action brought by a vendor to enforce the specific performance of a contract for the purchase and sale of unoccupied lands, if brought against the vendee or vendees, or persons claiming under them, and if the defendants cannot be found by the sheriff of the proper county, the court may, *after* the return-day of the writ, on motion of the plaintiff or his attorney, grant a rule on the defendant, *describing the premises*, to appear and plead, which rule shall be published sixty days before the return-day thereof, in one newspaper of the county in which such action is brought, to be inserted at least three times, and if no proper person shall appear to defend against the said action, the court, on proof of such publication, shall, on motion in open court, at the stated term, give judgment by default." The procedure authorized by this act is entirely out of the course of the common law, and the judgment allowed is a departure from common right. For this reason it must always appear not only that the ejectment is one of the class for which the provisions were made, but that the course prescribed has been strictly followed, in order to justify a judgment against a defendant not served with the writ, under the Act of 1851.

Such a judgment can be given only in an ejectment brought by a vendor to enforce the specific performance of a contract to purchase land. There is nothing on the record in this case to show that this was such an ejectment. Neither in the præcipe, nor writ, nor declaration, nor in the rule granted, nor in any affidavit even, taken and filed of record, does this fact appear, a fact indispensable to sustain a judgment against a defendant unwarned. It is undoubtedly true, that when a record complete in itself is used in another case as a ground of defence or claim, if the subject-matter of it be set forth generally, parol evidence may be adduced to show what was really adjudicated in it; but this is a very different thing from showing, by such evidence, what is necessary to confer jurisdiction, or authority to give judgment at all. Without, however, deciding at present whether a plaintiff in ejectment

[Roberts v. Orr.]

who seeks for a judgment under the Act of 1851, against a defendant not served with the writ, must cause it to appear of record that his ejectment is against his vendee, or person claiming under such vendee, to enforce specific performance of the agreement for the sale and purchase, it is enough for this case that the directions of the act were not pursued.  If it be assumed that the action was one of the class contemplated, still the rule to appear and plead, and the advertisement thereof, were fatally defective.  Not dwelling upon the fact that the rule was granted *on* the return-day of the writ, instead of *after*, as the statute directs, neither it nor the advertisement contained any description of the premises for which the ejectment was brought.  The statute authorizes no judgment unless a rule to appear and plead, " describing the premises," be first granted and published.  This is a very material requisite, a thing of substance, not merely of form.  It was prescribed that the absent and unwarned defendant might be notified of what he was called upon to answer, and that he might be apprised of the penalty incurred by his neglect to appear in obedience to the rule. The publication was intended to notify him not merely that the plaintiff had commenced an action, but also what was the nature of the demand.  In the present case there was neither a description of the premises in the rule and in its publication, nor was it even mentioned that the pending action was ejectment.  If Roberts had seen the advertisement of the rule, for aught he could have known, the action might have been covenant or ejectment, for some other tract of land in which he had no interest, or even trespass, debt or assumpsit, in either of which cases he was under no obligation to appear, and he could have incurred no penalty by default.  Now, as it is only in a case where a rule " describing the premises" has been granted and duly published, that a court is empowered to enter judgment unwarranted by the common law, there was no ground prepared upon which the judgment against Roberts can rest.

It is contended by the plaintiffs below, now defendants in error, that because the language of the record is, that the judgment was entered " on due proof of the service of the writ and publication of the rule to plead," the judgment is right upon its face ; and that as the court had jurisdiction of the subject-matter all presumptions are in its favor.  The principle is freely conceded that in courts of general jurisdiction, everything is presumed to be rightly done whenever a court has jurisdiction of the subject-matter and of the parties.  Whether this presumption prevails when a peculiar authority has been conferred by statute dependent for its lawful exercise upon the existence of unusual conditions precedent, we need not inquire.  The very question here is, whether the court had jurisdiction over Roberts, the party defendant.  This must appear affirmatively before any presumption

[Roberts *v.* Orr.]

can arise. It is not shown that the writ was served upon Roberts by the entry on the record, " on due proof of the service of the writ, and publication of notice." The same record contains the return of the sheriff of "*nihil*" as to Roberts, that is, that the writ was not served upon him. And as it was served upon some of the defendants, the words " on due proof of service of the writ," are satisfied by that. The language is not " on due proof of service of the writ on all the defendants," or even the " defendants" generally. Besides, the very form of the judgment explains the entry, and demonstrates that it is not a record of service upon all. The record reads thus: " On due proof of the service of the writ, and publication of the rule to plead, it is now ordered and adjudged by said court, that judgment be entered for want of an appearance *against the defendants served with the writ*, and for want of a plea against all the defendants." There is nothing then in the record of the service of the writ, to show that the defendant Roberts was within the jurisdiction of the court, and certainly nothing to show any adjudication or proof that the service of the rule to plead was sufficient.

There is still another reason for holding that the judgment in this case against Roberts was irregular and unauthorized. It did not appear that he had notice in fact of the suit in time to appear and defend it. That this was indispensable was decided in Haslett *v.* Foster *et al.*, 10 Wright 471. It was there ruled that the proviso contained in the supplementary Act of Assembly of April 13th 1858, respecting unseated or unoccupied lands, embraces also actions of ejectment brought under the 11th section of the Act of 14th April 1851, relative to actions by vendors to enforce specific performance. An earnest and elaborate argument has been submitted to us, to show that the decision made in Haslett *v.* Foster was a mistake. We have carefully considered the argument, and we have not been convinced by it. Even if the question were a doubtful one, the anomaly of rendering a personal judgment (for ejectment is a personal as well as real action) against an individual, without actual notice to him, is so great, that doubts ought to be decisive, that the legislature intended there should be such notice by the enactment of the proviso.

For these reasons we are constrained to hold that the judgment against Roberts was erroneous. This makes it unnecessary to consider the 2d assignment of error, or the argument against the application to vacate the judgment founded upon the facts that it was not verified by affidavit, and that it did not aver the applicant had a defence against the ejectment. The difficulty of the plaintiffs is, that the court had no authority at all to give judgment against Roberts. A case was not presented in which such a judgment was legally possible.

The judgment against W. Milnor Roberts is reversed, and the record is remitted.