## Mathews *versus* Sharp.

1. In an action of covenant on an agreement under seal, an affidavit of defence making general allegations of undue influence in procuring the agreement is insufficient. The acts resulting in undue influence should be set out.

2. The refusal of a vendor's wife to join in the execution of a deed for the conveyance of real estate, will not relieve the vendor from damages for breach of his contract to convey.

3. In order to determine whether the sum named in a contract as a forfeiture for non-compliance, is intended as a penalty or as liquidated damages, it is necessary to look at the whole contract, its subject matter, the ease or difficulty in measuring the breach in damages, and the magnitude of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequence of the breach.

4. A. agreed with B. by articles under seal to convey to him, twenty days from date, a farm of fourteen acres, at the rate of $450 per acre. B. thereupon paid to A. $500, which sum A. was to hold as a forfeit in case B. failed to comply with the contract. In case of failure on his part to so comply, A. covenanted to return said $500, "and also to forfeit the sum of $500 to the said B. in case of his neglect to convey the property as agreed." *Held*, that the clause above cited was to be construed as providing for liquidated damages, and not for a penalty, and that, therefore, A. having failed to convey the property to B. he was bound not only to refund the $500 deposited with him, but to pay $500 additional.

February 7th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Chester county:* Of January Term 1882, No. 8.

Covenant, by Joseph W. Sharp against Thomas Mathews, to recover the sum of $500, as liquidated damages for the non-compliance by defendant with an agreement for the sale of real estate. The plaintiff filed a copy of the agreement, which was as follows:—

"It is hereby agreed between Thomas Mathews, of the one part, and Joseph W. Sharp, on the other part, that the said Thomas Mathews doth hereby covenant and agree to sell the tenement and farm he now occupies and owns, in Easttown and Tredyffrin townships, containing fourteen acres more or less, at

[Mathews v. Sharp.]

the price of four hundred and fifty dollars per acre, the contents to be ascertained by a new and proper survey, and agrees to give a clear title and possession of the property on or before the first day of May, 1881. The said Thomas Mathews doth also acknowledge the receipt this day of five hundred dollars on account of the purchase money, which he is entitled to hold as a forfeit in case the said Joseph W. Sharp fails to comply with his part of this agreement, and the said Thomas Mathews doth hereby bind himself, his heirs and executors, to return the said five hundred dollars to the said Joseph W. Sharp, and also to forfeit the sum of five hundred dollars to the said Joseph W. Sharp, in case of his neglect to convey the property as agreed; and Joseph W. Sharp on his part doth agree to pay the said Thomas Mathews the price of four hundred and fifty dollars per acre for the before-mentioned property, upon the delivery of the satisfactory title thereto.

Signed and sealed this 12th day of April 1881.

Witness:　　(Signed)　　Thomas ⋈ Mathews. [L. s.]
　　　　　　　　　　　　　　　　mark
　　Isaac A. Cleaver.　　Jos. W. Sharp.　　[L. s.]

The plaintiff filed with said copy the following averment:—
"And the plaintiff says that he was ready, and offered to perform his covenants in the said agreement on his part, and that the defendant refuses either to convey the land or to pay the 'forfeit' agreed upon, and by reason thereof there is due him from the defendant the sum of five hundred dollars, with interest from the first day of May, A. D. 1881."

The defendant filed the following affidavit and supplemental affidavit of defence:—

"That on the 12th day of April, A. D. 1881, he was very unwell and suffering under nervous prostration, and that taking advantage of his weakened condition, the said Joseph W. Sharp, the plaintiff in the case, and Isaac A. Cleaver, the witness to the agreement in plaintiff's statement mentioned, by their persuasions exercised an undue influence over him, and induced him to sign said agreement. He further declares that he signed said agreement without any previous consultation with his wife, or having obtained her consent to the sale of the real estate in the agreement mentioned; and that, from the time that she heard of his agreement to sell said real estate, she has refused, and still refuses, to sign any deed to convey said real estate to the said Joseph W. Sharp.

"He further says that he has returned to the said Joseph W. Sharp the sum of five hundred dollars, which he received from him on the said 12th day of April 1881; and that for the reasons stated above, he is not liable to pay to the said Joseph W.

3 Outerbridge—36

[Mathews *v.* Sharp.]

Sharp the said sum of five hundred dollars in plaintiff's statement claimed. All which statements he expects to be able to prove on the trial of the cause.

"And the defendant in the above case, being duly affirmed, further says that at the time of the making of the agreement in the above case sued upon, he had been under the influence of liquor for several days, and that on the morning of the signing of the agreement he had not recovered from it, and was in a nervous and excitable condition, and incapable of understanding the full nature and extent of the agreement that the plaintiff persuaded him to sign. He further says that his wife has refused, and still refuses, to sign a deed to convey to the plaintiff the premises named in the agreement, and to give him possession thereof ; and that for these reasons, and those contained in the first affidavit of defence, he is unable to give to said plaintiff a clear title and possession of said property, as in said agreement he promised, all which he expects to be able to prove on the trial of the cause."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence, FUTHEY, P. J., saying, inter alia, in an opinion filed :—

"The allegations of undue influence we regard as too vague and indefinite to prevent the entry of judgment. The refusal of the wife to execute a deed does not relieve the defendant from liability to respond in damages. . . . .

"The parties obviously intended this sum of $500 as liquidated damages in the event of a failure of either party to carry out the contract. Mathews acknowledges the receipt of $500, and is entitled to hold it as a forfeit in case Sharp thus fails. Did the parties intend by this expression that Mathews should hold this money until it was ascertained what damages he had suffered by Sharp's non-compliance, and then, if that sum was found to be less than the $500, to pay the balance over to Sharp; or did they mean that he should keep it as his own without responsibility therefor, as an ascertained sum then paid to him, and which should be his in the event of Sharp's failure to comply? It was clearly not contemplated by the parties that Mathews should refund any part of this money to Sharp if the latter made default. By the expression 'to hold as a forfeit' the parties meant that he should keep the money as his own without accountability, and if this view is correct, it follows that, on the failure of Mathews to comply, he was to pay a like sum to Sharp. The parties meant that on the one hand Mathews should retain for his own use the $500 already in hand, if Sharp failed to comply, and on the other hand, that he should pay Sharp $500 in the event of failure on his part. There is nothing in the proportion this sum bears to the

[Mathews *v.* Sharp.]

whole purchase money, which should induce a court of equity to consider it as minatory. It is not an unreasonable amount to be considered as liquidated damages."

Judgment for plaintiff for $500, with interest from May 1st 1881. The defendant took this writ, assigning for error the above extracts from the opinion of the court.

*W. Townsend,* for plaintiff in error.

[Mercur, J.—You have not assigned the entry of judgment as error. It might happen that the judgment is right but the opinion wrong.]

[Leave granted to file at bar a supplemental specification of error to the entry of judgment for plaintiff for want of a sufficient affidavit of defence.]

The agreement is executory, and not within the affidavit of defence law, and cannot be helped by the averment.

The forfeit named in the agreement was a penalty and not liquidated damages: Robeson *v.* Whitesides, 16 S. & R. 321; Burr *v.* Todd, 5 Wr. 206; Bigony *v.* Tyson, 25 P. F. S. 157; Kemble *v.* Farren, 6 Bingham, 141; Daly *v.* Maitland, 7 Norris 385; Dennis *v.* Cummins, 3 Johns. Cas. 297; Bagley *v.* Peddie, 5 Sandford 192.

*R. T. Cornwell,* for defendant in error, argued that the affidavits of defence were vague and evasive. On the question of liquidated damages, he cited: Westerman *v.* Means, 2 Jones 97; Faunce *v.* Burke, 4 Harris 469; Wilson *v.* Horstman, 2 Phila. 296; Streeper *v.* Williams, 12 Wr. 450; Powell *v.* Burroughs, 4 P. F. S. 329; Coal Co. *v.* Schultz, 21 Ibid. 180; Fox *v.* Snyder, 9 Phila. 285; Lowe *v.* Peers, 4 Burrows 2225.

Mr. Justice Trunkey delivered the opinion of the court, February 27th 1882.

The alleged undue influence is not sustained by a statement of what Sharp said and did, nor is it averred that he even knew that Mathews was suffering the effects of intoxication. Nothing appears which could have imposed upon a nervous and excitable man. When a defence of this nature is set up, unless the facts upon which it is founded are given, the affidavit is insufficient. It is as essential to show the acts resulting in undue influence as it would be, if fraud were alleged, to show in what it consisted.

In the argument it was conceded that the refusal of a vendor's wife to execute the deed would not relieve him from all damages for breach of his contract to convey. The question is,

[Mathews *v.* Sharp.]

whether Mathews made a valid agreement for payment of liquidated damages in case of his default.

By the contract, within twenty days after its date, Mathews was to convey the land and Sharp was to pay the purchase money. Five hundred dollars were paid in hand, which Mathews was to hold as a forfeit in case Sharp failed to comply on his part. Mathews covenanted to return said five hundred dollars, " and also to forfeit the sum of five hundred dollars to the said Joseph W. Sharp, in case of his neglect to convey the property as agreed." It is impossible to misunderstand just what the parties meant. They mutually agreed that if either should fail to keep his covenant, he should forfeit and pay to the other the sum of five hundred dollars. The very point was decided in Streeper *v.* Williams, 48 Pa. St. 450. There, the agreement was for sale of real estate and contained this stipulation : " The parties to the above agreement doth severally agree to forfeit the sum of $500, say five hundred dollars, in case either party fail to comply with the terms of this agreement." The word "forfeit" was held to mean " to pay " and although the jury found the actual damages were $50, one-tenth the stipulated sum, the court, upon the point reserved, " whether the defendant was liable for the penalty or only for the actual damages," rendered judgment for the penalty. In an elaborate opinion, it was ruled that to determine whether the sum named as a forfeiture for non-compliance is intended as a penalty, or as liquidated damages, it is necessary to look at the whole contract, its subject-matter, the ease or difficulty in measuring the breach in damages, and the magnitude of the stipulated sum, not only as compared with the value of the subject of the contract but in proportion to the probable consequences of the breach. This case differs in some minor details, but it would be difficult to find two cases with greater similarity in their main features. They are alike in that the stipulated sum to be paid in case of non-compliance is mutual, that with reference to the value of the land or amount of purchase money, said sum is too small to be minatory, and not so large, with reference to the probable consequences of breach, as to be unconscionable, and in the difficulty of proving actual damages. The court below followed the authority of Streeper *v.* Williams.

Judgment affirmed.