## Commonwealth v. Altoona Beverage and Ice Co. et al.

*Robert M. Ewing,* for plaintiff; *Robert A. Henderson,* for defendants.

PATTERSON, P. J., July 11, 1929.—This is a rule to show cause why judgment in the Commonwealth of Pennsylvania *v.* Altoona Beverage and Ice Company and United States Fidelity and Guarantee Company, to No. 74, March Term, 1928, in the Court of Common Pleas of Blair County, should not be opened and defendants allowed to defend and answer thereto.

On May 14, 1928, the Altoona Beverage and Ice Company was granted a permit, under the Act of Assembly approved Feb. 19, 1926, P. L. 16, for the manufacture, etc., of alcoholic beverages not prohibited by law, and said defendant company, as principal, and the United States Fidelity and Guarantee Company, as surety, executed a bond to the Commonwealth of Pennsylvania, with a warrant of attorney to confess judgment, in the penal sum of $10,000, in accordance with the said act of assembly for the issuance of said permit. Thereafter, said beverage company did manufacture and sell its products at their place of business in the City of Altoona. Later, said beverage company was cited by the Pennsylvania Alcohol Permit Board to show cause why its permit should not be revoked for violation of the National and State Prohibition Laws and Rules, and on Dec. 7, 1926, after hearing, the said board filed its report, setting forth that the beverage company had violated the National and State Prohibition Laws, and the bond given was declared forfeited, and on March 2, 1928, a Deputy Attorney-General confessed judgment on said bond against the petitioners herein in the sum of $10,000. On June 4, 1928, the rule above referred to was issued by this court and answer filed thereto by the Commonwealth.

## Question involved.

The defendants in said judgment contend that the act of assembly under which said bond was given does not contemplate the amount of said bond as liquidated damages, but that it is only to secure the Commonwealth for any loss or damage which it might sustain by reason of the permittee violating the provisions of the act of assembly. The Commonwealth contends that the full amount of $10,000, the penal sum, is due and owing by defendants.

## Discussion.

Section 8 of the Act of Assembly approved Feb. 19, 1926, P. L. 16, reads as follows: "Upon the filing of the application in the form herein provided, and upon the execution of a bond to the Commonwealth and a warrant of attorney to confess judgment in the penal sum of ten thousand dollars ($10,000), with surety to be approved by the board, which bond shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to the manufacture, sale, offering for sale, bartering, furnishing, transporting, possessing, delivering within, or importing into, or exporting out of, this Commonwealth of intoxicating liquors, and the conditions of the permit, the board may grant to such applicant a permit to engage in the manufacturing, producing, distilling, developing, or using in the process of manufacturing, denaturing, redistilling, recovering, reusing, holding in bond, holding in storage as bailee for hire, selling at wholesale, and transporting for hire, of alcohol or alcoholic liquid."

Section 17 of said act authorizes the Permit Board to promulgate appropriate rules and regulations, and article XVI, on page 21 of the rules and regulations adopted by said board, provides for the entering of bond and for the recovery of the amount stated. It is contended by the Commonwealth that under the act of assembly and the rules aforesaid, the Commonwealth is entitled to recover the full amount of said bond as a fixed penalty imposed by a sovereign state for a breach of the law. We agree with this contention.

"In statutory bonds, the designation by statute of a specific penalty has the effect of constituting a bond given in compliance therewith a covenant for liquidated damages or a penalty imposed by the sovereign power against which equity cannot relieve unless a different intent appears. An opposite intent is evident when the bond is one of indemnity or security:" 4 Am. & Eng. Ency. (2nd) 700.

From an examination of the bond under consideration, it is evident that the same was not intended as one of indemnity or security. The bond in this case was intended to secure the payment of liquidated damages.

"Penalties and forfeitures are not usually provided for by bond and security given in advance, yet this sum was in truth forfeited by Montell by reason of his violation of a duty imposed by the Act of Congress; it was a specific penalty upon the owner and master for the commission of a particular offense against the policy of the law, and, although the amount was secured by bond given for the performance of the duty, yet this duty was a part of the same policy with other duties mentioned in the act and for which other penalties are inflicted:" United States v. Montell, Taney's Decision, U. S. 47 (26 Fed. Cases, 15798). And in the same case the opinion holds: "Besides, how could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof or any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by

a jury, or be liquidated by agreement of the parties. The sum for which the parties are to become bound is manifestly a penalty or forfeiture inflicted by a sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense, and it is not the less a penalty and a punishment because security is taken before the offense is committed in order to secure the payment of the fine if the law should be violated."

We think the foregoing principle is applicable to the question before us, and as the Commonwealth has suffered no actual loss by reason of the violation of the permit, there could be no recovery for any amount if the bond in question is to be given the legal construction contended for by the petitioners. If such contention should be accepted as the law, then the provisions of the law requiring such bond to be filed would be meaningless and of no effect. Proceedings to open judgment are equitable proceedings, resting in the sound discretion of the court, and in Clark v. Barnard, 108 U. S. 436, the court says: "It has been uniformly held in cases too numerous for citation that courts of equity will not interfere in cases of forfeiture for the breach of covenants and conditions where there cannot be any just compensation decreed for breach. . . . Accordingly, where any penalty or forfeiture is imposed by a statute upon the doing or omission of a certain act, other courts of equity will not interfere to mitigate the penalty or forfeiture, if incurred, for it would be in contravention of the direct expression of legislative will:" Story's Equity Jur., § 1326; Peachy v. Duke of Somerset, 1 Strange, 447, 453; Lightner v. Com., 31 Pa. 341.

"Surety companies who go upon bonds for a consideration are not entitled to the benefit of the rules of construction applicable to ordinary bonds of suretyship. Any doubtful language in such bonds will be construed most strongly against the surety and in favor of the indemnity which the assured had reasonable grounds to expect:" Philadelphia v. Fidelity and Deposit Co., 46 Pa. Superior Ct. 313; Mathews v. Sharp, 99 Pa. 560; Young v. American Bonding Co., 228 Pa. 373; Brown v. Title Guaranty and Surety Co., 232 Pa. Bonding Co., 228 Pa. 373; Brown v. Title Guaranty & Surety Co., 232 Pa. 337.

The defendants rely upon the case of the United States v. Zerbey et al., 271 U. S. 332, but in this case Mr. Justice Sanford, in his opinion, says: "The case now presented is not that of a bond executed to the Government in a specified penal sum prescribed by statute and intended as a fixed penalty imposed for breach of a statutory duty, which is forfeited in its full amount by a breach of the condition, irrespective of the actual damage thereby caused to the Government."

### Conclusion.

In arriving at our conclusion in the present case, we have kept in mind that line of demarcation which distinguishes the ordinary bonds of suretyship so common in ordinary business life, where the general tendency is to construe them as a penalty and where only actual damages can be recovered, and that other line of decisions, which holds that where a bond is given to a sovereign state for the doing or not doing of a particular act in the nature of a public duty and where the damages are impossible of liquidation. The intention of the parties to this proceeding, and the very nature of the case, clearly brings the bond in question within the class that are determined to be "liquidated damages" and not a penalty.

Decree.—Now, therefore, upon due consideration, the rule in this case heretofore granted is hereby discharged.

From Robert W. Smith, Hollidaysburg, Pa.