| 113 | 67 |
|-----|-----|
| e 24 SC | 351 |
| 113 | 67 |
| 213 | 79 |

## McIntire *versus* Wing et. al.

In an action of ejectment, in the absence of a return of the service of the summons on the defendant, verified by the oath of the sheriff, it is necessary to prove that the defendant was in possession even though there be an appearance and plea by counsel.

May 11th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas, of *McKean county:* Of January Term, 1886, No. 133.

This was an action of ejectment brought by C. E. McIntire against J. A. Wing and Ashabel R. Sellew, surviving partner of Sellew & Popple, for a tract of land in Bradford township, McKean county, brought March 31st, 1880.

[McIntire *v.* Wing et al.]

The sheriff made the following return of service of the summons, under oath :

Returned. "Served May 22d, 1880, on I. G. Howe and John Eaton, terre tenants, by giving to each a true and attested copy of the within writ, and making known to them the contents thereof, J. A. Wing and A. R. Sellew not found in my bailiwick.          R. SARTWELL, Sheriff.
Per G. L. ROBERTS, Deputy."

To this summons the following appearance was entered :

"Now December 23rd, 1880, defendants by attorney appears and pleads not guilty.          W. W. BROWN,
Attorney for defendants."

The record also showed the following :

May 31st, 1883, motion by W. W. Brown to withdraw appearance and plea as to J. A. Wing and A. R. Sellew, granted by the court.

June 2d, 1883, on motion, rule to show cause why order allowing W. W. Brown to withdraw appearance and plea for J. A. Wing and A. R. Sellew should not be stricken off, returnable June 4th, 1883, granted by the court.

June 4th, 1883, rule to show cause in above case made absolute and order vacated.

The plaintiff having closed his case without showing the defendants in possession at the time of the service of the writ, the defendants moved for a compulsory nonsuit and filed the following reason, *inter alia :*

The plaintiffs have failed to show that the defendants, Wing and Sellew, were in possession of the land described in the writ at the time the same was issued, and the return of the sheriff shows affirmatively that they were not in possession.

The court, OLMSTED, P. J., granted the compulsory nonsuit and overruled a motion to take it off. Judgment of nonsuit was thereupon entered, whereupon the plaintiff took this writ assigning for error, *inter alia,* the refusal of the court to take off said nonsuit.

*McSweeney* and *R. Brown* (*E. Crossman* and *Byles* with them), for plaintiff in error.

It appears from the record in this case, that the sheriff, on May 24th, 1880, filed in the prothonotary's office his sworn return to the writ of ejectment, stating therein that he had served the same personally on I. G. Howe and John Eaton, terre tenants, by giving to each of them a true and attested copy and informing them of the contents thereof, and that J. A. Wing and A. R. Sellew were not found in his bailiwick.

It also appears, that on December 23d, 1880, W. W. Brown, Esq., entered a general appearance and plea for all of the de-

fendants. The prothonotary, however, did not enter the names of the additional parties (Howe and Eaton), served by sheriff, as defendants in the action, in accordance with the provisions of the second section of the Act of Assembly of April 13th, 1807. Had this been done it must be conceded by the defendants in error, that the sheriff's return of service on I. G. Howe and John Eaton would have stood as *prima facie* evidence of their being in possession of the disputed premises. We think that in this case it would have been evidence against all the defendants, under the pleadings: see Dietrick *v.* Mattier, 10 S. & R., 151 ; Gratz *v.* Benner, 13 Id., 110 ; Cooper *v.* Smith, 9 Id., 26. And if so, surely the plaintiff's rights should not be prejudiced by the omission of the prothonotary to perform his clerical duties. It is true that the sheriff's return is only *prima facie* proof of defendants' possession: Helfenstein *v.* Leonard, 50 Pa. St., 462.

We submit that J. A. Wing and A. R. Sellew, the original defendants, by their unnecessary appearance and plea of not guilty, have thereby admitted themselves to be in possession of the whole land in controversy: see Ulsh *v.* Strode, 13 Pa. St., 433 ; Hill *v.* Hill, 43 Pa. St., 521 ; see also Freedly *v.* Mitchell, 2 Barr, page 100.

The defendants, J. A. Wing and A. R. Sellew, filed no disclaimer.

Upon this point it was said by the Supreme Court in Steinmitz *v.* Logan, 3 Watts, 162, that "by the Act of the 13th of April, 1807, service of the writ is made evidence of the defendants' possession ; but he is permitted to disprove it, having disclaimed title."

"The defendants, though not summoned, appeared on the return of the writ by attorney, as they had a right to do, and joined in pleading in bar of the action." After this it was no longer optional for the plaintiff to proceed or not against them if he wished to recover possession: see Mosher *v.* Small, 5 Barr, page 223 ; see also Michew *v.* McCoy, 3 W. & S., page 501, on the effect of an appearance in ejectment ; and see the case of Wilson *v.* Willard, 2 Central Law Reporter, 292.

*M. F. Elliott* (*G. L. Roberts, N. B. Smiley* with him), for defendants in error.

As to the possession of J. A. Wing and A. R. Sellew, if the appearance and plea could be treated as *prima facie* evidence of their possession, the plaintiff by putting in evidence the return of the sheriff to the writ of ejectment affirmatively proved that at the time of its service they were not in possession, and could not be found in the county, and, therefore recovery could not be had against them.

[Cessna *v.* Nimick et al.]

" Where a defendant in an ejectment does not intend to contest the plaintiff's right to the lease, it is not necessary for him to enter a disclaimer on record. The plaintiff in order to recover in ejectment must establish not only his title but also the possession of the defendants ": McKenna *v.* Johnson, 19 Pa. St., page 434.

" The defendant in ejectment may defend himself from all the consequences of an adverse verdict by showing that he was not in possession of the premises at the service of the writ or since. . Notwithstanding the return of the sheriff is evidence of the possession of defendant it is only *prima facie*, and may be rebutted by the defendant after the return is in evidence, which done he is entitled to judgment for costs ": Helfenstein *v.* Leonard, 50 Pa. St., 461 ; Kirkland *v.* Thompson, 51 Pa. St., 216.

The opinion of the court was filed May 24th, 1886.

PER CURIAM. There is no error in the refusal of the court to take off the compulsory nonsuit. The evidence wholly failed to show that the defendants were in possession of the land in question. They were not served with the writ by the sheriff. The presumption of possession created by the statute, when the sheriff makes return under oath that he has duly served the writ on the defendants, does not exist. While an appearance and plea by counsel may lead to a verdict and judgment against the defendants, yet on the trial, it is necessary to prove that they were in possession of the premises. Failing in this, the nonsuit was properly entered. This view makes it unnecessary to consider the other questions.

Judgment affirmed.