# Kreamer *v.* Voneida, Appellant.

*Ejectment—Service of writ—Nonresident defendant—Publication of rule to appear and plead—Possession—Practice, C. P.—Acts of April 13, 1807—April 14, 1851, P. L. 612, and April 13, 1858, P. L. 256.*

Where a sheriff's return to a writ of ejectment for unseated land shows that the land was unoccupied, that the defendant did not reside in the county, and had no agent in charge of the land in the county, and that notice of the suit was given personally to the defendant in another county, and the record further shows an appearance for the defendant, but fails to show a rule on defendant to appear and plead with publication thereof as provided by the Acts of April 14, 1851, P. L. 612, and April 13, 1858, P. L. 256, the return and the record raises no presumption that the defendant was in possession of the land described in the writ.

*Land law—Abandonment of title—Payment of taxes.*

The doctrine of abandonment is only applicable where the title affected is inchoate or imperfect. Where a title has passed by patent from the commonwealth it is never reinvested by abandonment.

Constructive possession of unoccupied land follows the legal title. Every owner is presumed to be in possession until ousted by an actual occupant, and the omission of the owner to take physical possession of his land for a long period does not effect a forfeiture of his title unless such nonoccupancy by the owner is accompanied by an actual adverse, continuous, notorious and exclusive possession by an intruder for such a length of time as would give title under the statute of limitations. Nor will the failure of the owner to pay taxes produce a forfeiture.

Argued Oct. 27, 1903. Appeal, No. 22, Oct. T., 1903, by

defendant, from judgment of C. P. Centre Co., Nov. T., 1900, No. 96, on verdict for plaintiff, in case of J. L. Kreamer v. William Voneida, William Close and William Fees. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Ejectment for land in Haines township. Before LOVE, P. J.

At the trial plaintiff testified that he purchased the land from the executor of Henry Hess after the death of Henry Hess's widow.

Counsel for plaintiff offered in evidence deed dated April 28, 1880, Samuel Kreamer, executor of Henry Hess, of the one part, and John L. Kreamer, of the other part, recorded in deed book D, No. 2, page 353, for, inter alia, the tract of land in dispute.

Counsel for the defendants object to the admission of the deed offered for the reasons :

1. Because by the will of Henry Hess the executor was authorized to sell his real estate at the request or consent of the widow, and the plaintiff has not shown, nor has he offered to show, the precedent consent and request of the widow for the sale of the land, the description of which is contained in this deed now offered.

2. Because the deed offered to be read in evidence is irrelevant and inadmissible.

The Court : The objections are overruled and the deed admitted in evidence. To which the defendants except, and at their request an exception is noted and bill sealed. [1]

The court admitted in evidence, on offer of the plaintiff under objection by the defendants and ruling of the court thereon and exception noted and bill sealed, the writ of ejectment, the writ of estrepement, and other papers of record in the suit. [2]

Defendant-presented this point :

2. It appearing from the undisputed evidence in this case that the plaintiff claims the land described in the writ under a warrant, commonwealth of Pennsylvania to Henry Hess, dated February 10, 1819, for 108 acres, situate in Haines township, Centre county, Pennsylvania, followed by a survey in pursuance of said warrant and a patent therefor, said patent being commonwealth of Pennsylvania to Henry Hess, dated Decem-

ber 12, 1821 ; and it further appearing from such undisputed evidence that the land described in the writ as thus claimed by the plaintiff is entirely within the lines of a warrant, commonwealth of Pennsylvania to Joseph Henry, dated July 24, 1792, for 400 acres of land in Haines township, Centre county, Pennsylvania, said last named warrant being followed by a survey in pursuance thereof, returned July 7, 1796, and also by a patent, commonwealth of Pennsylvania to Aaron Levy, dated August 12, 1796, said patent being recorded in patent book P, vol. 29, page 279, and said patent reciting that "said track was surveyed in pursuance of a warrant dated July 24, 1792, granted to said Joseph Henry, who by deed dated March 20, 1795, conveyed the same to the said Aaron Levy," and such outstanding prior title being thus shown by undisputed evidence, covering the land described in the writ, the plaintiff cannot recover and the verdict must be for the defendants, and the jury is instructed so to find. *Answer :* Reserved. [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (5) above instructions, quoting them.

*John Blanchard* and *Andrew A. Leiser*, with them *Edmund Blanchard*, for appellants.—The provisions of the act of 1851, as well as the provisions of the act of 1858, must be followed : Haslett v. Foster, 46 Pa. 471 ; Roberts v. Orr, 56 Pa. 176 ; McIntire v. Wing, 113 Pa. 67 ; Kulp v. Bowen, 22 W. N. C. 495.

Proof of defendants' possession is essential to the plaintiff's case : Bailey v. Fairplay, 6 Binn. 450 ; Hole v. Rittenhouse, 25 Pa. 491.

Nothing short of an actual possession, permanently continued, will take away from the owner the possession which the law attaches to the legal title : Hole v. Rittenhouse, 25 Pa. 491, 492.

The doctrine of abandonment does not apply to lands held by perfect title, but only to imperfect titles by warrant and survey : Naglee v. Albright, 4 Whart. 291 ; Hoffman v. Bell, 61 Pa. 444.

Assessments and payment of taxes are not admissible in an action of ejectment as evidence of title, but merely of a claim of possession ; Green v. Schrack, 16 Pa. Superior Ct. 26.

*A. O. Furst* and *J. C. Meyer*, for appellee.—It is the duty of a defendant in an ejectment, if he does not dispute the whole of the plaintiff's claim, to enter his defense for such part as he disputes. If he pleads the general issue, he admits himself to be in possession of the whole of the land claimed in the writ: Ulsh v. Strode, 13 Pa. 433 ; Hill v. Hill, 43 Pa. 521 ; Bear Valley Coal Co. v. Dewart, 95 Pa. 72.

The title set up by the defendant was not such a subsisting outstanding title as would sustain an ejectment available in favor of the person in whom it is alleged to exist: Hunter v. Cochran, 3 Pa. 105 ; Reading v. Finney, 73 Pa. 467 ; Patten v. Scott, 118 Pa. 115 ; Kelsey v. Murray, 9 Watts, 111 ; Royer v. Beulow, 10 S. & R. 303 ; Hockenbury v. Snyder, 2 W. & S. 240 ; Goodman v. Sanger, 85 Pa. 37 ; Foust v. Ross, 1 W. & S. 501 ; Wray v. Miller, 20 Pa. 111 ; Riland v. Eckert, 23 Pa. 215 ; McBarron v. Gilbert, 42 Pa. 268.

OPINION BY HENDERSON, J., March 14, 1904 :

Two principal questions are brought up by the present appeal : One, does the sheriff's return of service as to William Voneida, one of the defendants, and his appearance and plea raise a presumption that he was in possession of the land described in the writ ; and two, was the patent to Aaron Levy dated August 12, 1796, available to the defendant as an outstanding title.

The sheriff's return to the writ of ejectment shows that the land was unoccupied ; that the defendant Voneida did not reside in the county, and that he had no known agent or person having the charge or superintendency of the land resident within the county. The return further shows that " notice of said suit was given personally to William Voneida at Laurelton, Union county, Pennsylvania, as directed by the act of April 13, 1858, and a copy was given him of this writ."

Section 11 of the Act of April 14, 1851, P. L. 612, provides for the service of the writ in ejectments brought by the vendors to enforce the specific performance of contracts for the sale of land in case where there is no person residing on the land, and directs that if the defendant be not found in the county " then and in that case the court after the return day of the writ may, on motion of the plaintiff or his attorney, grant a rule on the

defendant (describing the premises) to appear and plead, which rule shall be published sixty days before the return day thereof in one newspaper of the county in which such action is brought, to be inserted at least three times," etc.

By the act of April 13, 1858, the provisions of the 11th section of the act of 1851 were extended to all cases " where claimants and mortgagees may desire to bring actions of ejectment for any unseated or unoccupied lands within this commonwealth whenever the adverse claimant or mortgagor does not reside in the county where such lands are situated, and has no known agent or person having the charge or superintendence of said lands resident within said county."

It plainly appears from the return of the sheriff that the defendant Voneida not only was not an occupant of the land but that he was not a resident of the county. In order to bring the defendant within the jurisdiction of the court, it was necessary that the directions of the act of 1858 be followed, and also of the act of 1851, as the two acts provide a uniform method of service : Haslett v. Foster, 46 Pa. 471 ; Roberts v. Orr, 56 Pa. 176. The provisions of these statutes were not followed by the sheriff in the case of the defendant Voneida, no rule to appear and plead having been granted and published as required. He was only in court, therefore, by virtue of his voluntary appearance. This appearance dispensed with the necessity for service of the writ, but created no presumption that the defendant was in possession of the land. The fact that the defendant voluntarily appeared to make defense to the plaintiff's action does not involve any admission of facts necessary to the plaintiff's case. Even under the act of April 13, 1807, in the absence of a return of the service of the summons on the defendant it is necessary to prove that the defendant was in possession, and this is so where there is an appearance and plea, as was expressly decided in McIntire v. Wing, 113 Pa. 67. As the defendant Voneida was not served with the writ in accordance with the requirements of any statute, the presumption of possession arising under the act of 1807 does not apply in his case. A judgment against him might result from his appearance, but the plaintiff was not relieved from the necessity of proving that the defendant was in possession of the premises. The second assignment of error is therefore sustained.

The plaintiff acquired his title under a patent to Henry Hess for 103 acres and 158 perches and allowance granted December 12, 1821.

In reply to plaintiff's case, the defendants offered in evidence a patent to Aaron Levy dated August 13, 1796, for 400 acres and 52 perches and allowance. It was admitted at the trial that the Henry Hess survey was embraced within the lines of the Aaron Levy patent. This was apparently a complete defense to the plaintiff's case, as it does not appear that the commonwealth had any title to the land described in the Henry Hess patent at the time that patent was issued. The burden was on the plaintiff to succeed by the strength of his own title. He could not rely on the defects in the defendant's title. It was contended by the plaintiff that possession never had been taken under the Levy patent; that the land had never been returned for taxes ; that no taxes had been paid thereon, and that therefore the title should be treated as abandoned or derelict, and the learned judge of the court below was of the opinion that the title should be considered derelict in view of the fact that so far as appeared in the case no one ever asserted any claim or exercised any ownership over the land included in the Levy patent, and never paid any tax thereon, and, in view of the further fact that the owners under the junior survey had caused the land to be regularly assessed on the seated list, and had paid taxes thereon, and had taken timber therefrom from time to time.

The doctrine of abandonment has been frequently recognized, but is only applicable in cases where the title affected is inchoate or imperfect. Where a title has passed by patent from the commonwealth it is never revested by abandonment: Naglee v. Albright, 4 Wharton, 291 ; Philadelphia v. Riddle, 25 Pa. 259 ; Hoffman v. Bell, 61 Pa. 444 ; Bear Valley Coal Co. v. Dewart, 95 Pa. 72; Putnam v. Tyler, 117 Pa. 570.

Constructive possession of unoccupied land follows the legal title. Every owner is presumed to be in possession until ousted by an actual occupant, and the omission of the owner to take physical possession of his land for a long period does not effect a forfeiture of his title unless such nonoccupancy by the owner be accompanied by an actual adverse, continuous, notorious and exclusive possession by an intruder for such a

length of time as would give title under the statute of limitations. Nor will the failure of the owner to pay taxes produce a forfeiture. "An abandonment of title is not to be presumed from nonentry, nor from neglect to pay taxes :" Philadelphia v. Riddle, supra; Hoffman v. Bell, supra; Goodman v. Sanger, 85 Pa. 37. Under some circumstances an estoppel might be held to effect an abandonment, but no question of estoppel arises in this case. When title is not acquired under the statute of limitations or by an estoppel, there is no abandonment. Inasmuch therefore as neither the neglect to exercise acts of ownership nor to pay taxes or both will of themselves work an abandonment of title, the case under consideration presents no facts which would defeat rights arising under the Levy patent. The fifth assignment of error is therefore sustained.

It does not appear from the opinion of the learned court on the question reserved that the plaintiff was held to have established a title by adverse possession. The evidence offered was not sufficient for that purpose. There was no actual possession of the land, nor was it connected with the land on which the plaintiff lived. The court does not seem to have predicated anything of the plaintiff's claim in that respect.

There was evidence in the cross-examination of the plaintiff that he purchased the land claimed after the death of the widow of Henry Hess. The deed from Henry Hess, executor, to the plaintiff, was therefore properly admitted.

All the assignments of error except the second and fifth are overruled, and on these the judgment is reversed and a venire facias de novo is awarded.