## Kreamer, Appellant, v. Voneida.

*Ejectment—Voluntary appearance—Proof of possession by defendant.*

Where a defendant in an ejectment enters a voluntary appearance without service of a writ upon him, or notice given as directed by any statute to appear and plead to the action, the plaintiff will be entitled to judgment, but only by proof of title in himself, and possession by the defendant of the lands in controversy.

The plaintiff in an ejectment is not in a position to ask for the application of the Act of March 29, 1824, P. L. 167, where he himself has not complied with the directions of the act.

*Ejectment—Service of writ—Nonresident defendant—Publication of rule to*

*appear and plead—Possession—Practice, C. P.—Acts of April 13, 1807, 4 Sm. L. 476, April 14, 1851, P. L. 612, and April 13, 1858, P. L. 256.*

Where a sheriff's return to a writ of ejectment for unseated land shows that the land was unoccupied, that the defendant did not reside in the county, and had no agent in charge of the land in the county, and that notice of the suit was given personally to the defendant in another county, and the record further shows an appearance for the defendant, but fails to show a rule on him to appear and plead with publication thereof as provided by the Acts of April 14, 1851, P. L. 612, and April 13, 1858, P. L. 256, the return and the record raise no presumption that the defendant was in possession of the land described in the writ.

*Ejectment—Title from commonwealth—Abandonment—Adverse possession.*
A perfect title passing by the commonwealth's patent is in no danger from the doctrine of abandonment, unless, in consequence of abandonment, adverse possession is taken by another and held for the period of the statute of limitations.

Argued April 17, 1905.    Appeal, No. 124, Jan. T., 1904, by plaintiff, from judgment of Superior Court, Oct. T., 1903, No. 22, reversing judgment of C. P. Centre Co., Nov. T., 1900, No. 96, on verdict for plaintiff in case of J. L. Kreamer v. William Voneida, William Close and William Fees.    Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Appeal from judgment of the Superior Court.

The facts appear by the opinion of the Supreme Court, and by the report of Kreamer v. Voneida, 24 Pa. Superior Ct. 347.

*Error assigned* was the judgment of the Superior Court.

*A. O. Furst,* with him, *J. C. Meyer,* for appellant.—Our first contention is that the title to the Joseph Henry survey has become derelict and is non-subsisting, and therefore it cannot be treated as an outstanding title to defeat appellant in this action.

We further contend that William Voneida and his codefendants have neither right nor title to the land, and therefore they are mere trespassers thereon, and hence have no title; and denying possession, they could not in law set up a title in Joseph Henry, derelict as it is, as a defense to this action: Riland v. Eckert, 23 Pa. 215 ; McBarron v. Gilbert, 42 Pa. 268.

It is the duty of the defendant in an ejectment, if he does

not dispute the whole of the plaintiff's claim, to enter his de-' fense for such part. as he disputes ; if he pleads the general issue he admits himself to be in possession of the whole of the land claimed in the writ : Ulsh v. Strode, 13 Pa. 433; Hill v. Hill, 43 Pa. 521.

This ruling of the Superior Court is erroneous in our view for another reason. No disclaimer of either title or possession was filed or insinuated. The defendants had their day in court. When called upon to try the case, if they were not in possession, it was then their duty to speak, and it was equally their duty to disclaim possession or title or both: Kirkland v. Thompson, 51 Pa. 216 ; Lane v. Harrold, 66 Pa. 319 ; Duncan v. Sherman, 121 Pa. 520 ; Lehigh Valley Coal Co. v. Beaver Lumber Co., 203 Pa. 544.

*John Blanchard*, with him *Edmund Blanchard* and *Andrew A. Leiser*, for appellees.—The plaintiff's entire prima facie case is put at issue by the general plea of " not guilty," subject to such limitations of the defense to a part of the land claimed as the defendant at his option, not the plaintiff's option, may see fit to introduce into the case : Zeigler v. Fisher, 3 Pa. 365 ; McCanna v. Johnson, 19 Pa. 434; Bronson v. Lane, 91 Pa. 153 ; Kirkland v. Thompson, 51 Pa. 216.

In an action of ejectment, in the absence of a return of the service of the summons on the defendant, verified by the oath of the sheriff, it is necessary to prove that the defendant was in possession even though there be an appearance and plea by counsel : McIntire v. Wing, 113 Pa. 67.

Lapse of time does not abandon nor make derelict a perfect title to land: Naglee v. Albright, 4 Wharton, 291 ; Bunting v. Young, 5 W. & S. 188; Hoffman v. Bell, 61 Pa. 444; Bear Valley Coal Co. v. Dewart, 95 Pa. 72; Putnam v. Tyler, 117 Pa. 570.

OPINION BY MR. JUSTICE BROWN, October 30, 1905 :

The plaintiff below claimed title to the land in controversy —103 acres and 158 perches situated in Haines township, Centre county—under a patent from the commonwealth to Henry Hess, issued December 12, 1821. On August 12, 1796, a patent was issued to Aaron Levy on a warrant granted to

Joseph Henry, July 24, 1792, for 400 acres and 52 perches, and it was admitted on the trial that the land called for in the Hess patent was embraced within the lines of the Levy patent. One of the defenses set up was this outstanding title granted by the commonwealth more than twenty-five years before the patent was issued to Hess. With nothing more, this was, as was properly held by the Superior Court, a complete defense, for the plaintiff could recover only on the strength of his own title : Kreamer v. Voneida, 24 Pa. Superior Ct. 347. Another defense was that the plaintiff had not proved possession of the land by Voneida, the real defendant. The writ had not been served on him, the return of the sheriff being as follows : " As to William Voneida, he not being found in the county of Centre, and that the lands described in the within writ are located in said county of Centre and are unoccupied, and that the said William Voneida does not reside in the county in which said lands are located and has no known agent or person having the charge or superintendency of said lands resident within the county of Centre and notice of said suit was given personally to William Voneida at Laurelton, Union county, Pa., as directed by the act of 13th of April, 1858, and a copy was given him of within writ." These two defenses, resting on undisputed facts, were made the subject of two points, asking that a verdict be directed for the defendants. The points were reserved and a verdict directed for the plaintiff. Subsequently judgment was entered on the verdict.

The question of the plaintiff's right to recover in the absence of any proof of the possession of the land by Voneida, was not considered by the court in the opinion directing judgment to be entered on the verdict, and, as to the other defenses, the trial judge was of opinion that the Levy title was derelict and abandoned, and that the defendants could not, therefore, set it up against the Hess title. On appeal to the Superior Court the judgment below was reversed and a new trial awarded. From this judgment the appeal of the plaintiff below is before us.

From the sheriff's return it affirmatively appears that Voneida was not an occupant of the land, and was not in the county at the time the writ was served. It was served on him in Union county, the return being that it had been served as directed by

the Act of April 13, 1858, P. L. 256, but as the directions of the Act of April 14, 1851, P. L. 612, to which the act of 1858 is but a supplement, had not been complied with, the service was ineffectual to bring the defendant within the jurisdiction of the court. This seems to be admitted by the appellant. On this appeal, however, the position is taken, and apparently for the first time, that as the defendant voluntarily appeared the plaintiff was not required to prove that he was in possession of the land, and the fourth section of the Act of March 29, 1824, P. L. 167, is cited in support of this. That section provides : " That any person wishing to bring an ejectment for land on which no person resides, and which lands have been sold for taxes, may bring his action and serve the writ on the person who purchased the said lands ; and if such person cannot be found in the proper county, then the court, after the return day of the writ, may, on motion of the plaintiff or his attorney, grant a rule on the defendant, describing the premises, to appear and plead, which rule shall be published for sixty days successively, before the return day thereof, in a weekly or daily newspaper of the proper county; and if no person appears, then the court, on proof of the publication, shall, on motion in open court, at the stated term, give judgment by default; but when the purchaser appears, or some person claiming under him, the court shall cause the person or his legal representative so claiming under the purchaser to be made defendant, and the cause shall be proceeded in and tried on respective titles of the parties as fully as if there was an actual occupation of the land."

As the directions of the act of 1824 had not been complied with by the plaintiff, he is not in a position to ask for its application. The case as presented is one of a voluntary appearance by a defendant in an action of ejectment, without service of the writ upon him or notice given as directed by any statute to appear and plead to the action. The appearance having been voluntary, he waived service of the writ and would be bound by a judgment against him, to which, however, the plaintiff would be entitled only by proof of title in himself and possession by the defendant of the lands in controversy. The act of 1807 relieves the plaintiff from the burden of proving possession by the defendant, if there is a return of service

by the sheriff, but when there is no service and the defendant voluntarily appears, possession by him must be established by the plaintiff as a condition of his right to recover: McIntire v. Wing et al., 113 Pa. 67. That case is conclusive that the plaintiff ought not to have been allowed to recover. There, as here, there was no service by the sheriff, but the defendants voluntarily appeared, and, in affirming the judgment of nonsuit entered because the plaintiff failed to show that the defendants were in possession of the land, we said : " There is no error in the refusal of the court to take off the compulsory nonsuit. The evidence wholly failed to show that the defendants were in possession of the land in question. They were not served with the writ by the sheriff. The presumption of possession created by the statute, when the sheriff makes return under oath that he has duly served the writ on the defendants, does not exist. While an appearance and plea by counsel may lead to a verdict and judgment against the defendants, yet on the trial it is necessary to prove that they were in possession of the premises. Failing in this, the nonsuit was properly entered. This view makes it unnecessary to consider the other questions."

The trial judge was of opinion that the Levy title could not prevail against the Hess patent because the failure of Levy, or of any one under him, to assert his title for over 100 years was such " dereliction " as would now estop anyone claiming under him to set up the title as a valid and subsisting one. On this appeal the learned counsel for appellant zealously urges that the Levy title " has become derelict and is nonsubsisting," and Riland v. Eckert, 23 Pa. 215, is cited and pressed upon our attention as conclusive of the contention that it cannot prevail against the Hess title. In that case the land belonging to the estate of Judge James Wilson, deceased, had been sold on a judgment obtained against his administrators, without notice to his heirs, and in an ejectment brought against the persons in possession they undertook to defend on the outstanding title, which they alleged was still in the heirs, as the sale by the sheriff had been on a judgment against the administrators alone, which did not divest their title. All that was decided in that case was that the defendants had no right to take the place of the heirs and avail them-

selves of an irregularity which the heirs might have chosen to waive. The plaintiffs, who purchased the land at the sheriff's sale, took a title which was not void as to any except the heirs and the devisees of the deceased, and if they did not question the sale, strangers could not. As to the heirs, who alone could have raised the question of the regularity of the sale, the title may have become abandoned or derelict, but as to them WOODWARD, J., says : " When a party shall present himself claiming under the heirs of Judge Wilson, it will be soon enough to consider the effect of the long delay and inaction which have attended their title, and to decide whether they are concluded or not; but until that happens the inquiry will be impertinent and superfluous."

A different situation is presented here, and what is said in Riland v. Eckert has no application. A prior valid outstanding title from the commonwealth to another confronts the plaintiff, which has not been divested by any act of the original grantee, nor by any proceeding against him, his personal representatives, or anyone claiming under him. Such a perfect title passing by the commonwealth's patent is in no danger from the doctrine of abandonment, unless, in consequence of abandonment, adverse possession is taken by another and held for the period of the statute of limitations. This abundantly appears in Hoffman v. Bell, 61 Pa. 444 ; Bear Valley Coal Co. v. Dewart, 95 Pa. 72 ; Putnam v. Tyler, 117 Pa. 570, and the other cases cited in the opinion of the Superior Court.

The evidence of adverse possession by the plaintiff was insufficient to establish title under the statute, and the Superior Court so held ; but, instead of remitting the record with direction that judgment be entered for the defendant non obstante veredicto, a new trial has been ordered. As there is no appeal by the defendants from this order, we cannot interfere with it, though urged by them to do so, and the judgment of the Superior Court is, therefore, affirmed. On another trial the plaintiff may be able to present such a case as will entitle him to recover.

Judgment affirmed.