JOHN W. PHY *v.* J. M. HATFIELD *et ux.*

(*Nashville.* December Term, 1909.)

1. **ABANDONMENT.** Of title to land must be shown by clear and unmistakable affirmative act of repudiation.

The abandonment of title to land by the owner must be shown by some clear and unmistakable affirmative act indicating a purpose to repudiate the ownership. (*Post, p.* 696.)

Case cited and approved: Woods v. Bonner, 87 Tenn., 411, 414, 415.

2. **SAME.** Same. Not presumed from failure to pay taxes, or to take actual possession and to prevent casual trespasses, when.

It cannot be presumed that a perfect title to granted land was abandoned from the owner's failure for thirty-five years to pay the taxes, or to take actual possession of the land and prevent casual trespasses, though such presumption might be indulged if the title was imperfect. (*Post, p.* 696.)

Cases cited and approved: Hoffman v. Bell, 61 Pa., 444; Coal Co. v. Dewart, 95 Pa., 72, 78; Kreamer v. Voneida, 213 Pa., 74; Doty v. Gillett, 43 Mich., 203; Barrett v. Coal Co., 70 Kan., 649; Oil Co. v. Kimball (Tex. Civ. App.), 114 S. W., 662.

---

FROM PUTNAM.

---

Appeal from the Chancery Court of Putnam County. —D. L. LANSDEN, Chancellor.

B. G. ADCOCK, for complainant.

BOYD & PUCKETT, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

This is an ejectment suit brought by the complainant to recover eleven and one-half acres of land in Putnam county which he claims under a grant issued to him by the State on the 9th day of May, 1881. The defendants claim under a grant issued by the State to Celina Fisk on the 24th of September, 1827, and by a regular chain of conveyances from the heirs of Celina Fisk to J. Arnold, and from the latter to the defendants.

It is insisted by the complainant that this title was abandoned before Arnold procured deeds from the heirs of Celina Fisk. This contention is based on the fact that the evidence does not show that either Celina Fisk or her heirs ever paid any taxes on this land, or that they occupied it, and that the reason given by Mr. Arnold in his evidence for their failure to occupy it, or to pay any special attention to it, was that it was of little value. Mr. Arnold made this statement in giving a reason why various trespasses upon the land had been permitted to go unchecked before he purchased the land himself in 1885.

The contention of the complainant is that, inasmuch as the land was allowed to go unnoticed by its owners from 1827 to 1885, when the children of Celina Fisk made deeds, it must be treated as having been abandoned. It appears, however, that the grant was regis-

tered in Jackson county on the 30th of November, 1850. This would indicate that between 1827 and 1850 the land was not forgotten, so that complainant's contention would have to be that the failure to pay taxes between 1850 and 1885, or to take actual possession of the land and prevent the incursion of casual trespassers, would amount to an abandonment. We do not think that this is a sound contention. Indeed, in order to justify the conclusion that there has been an abandonment, there must be some clear and unmistakable affirmative act indicating a purpose to repudiate the ownership. This was the substance of the decision of the court upon this point in *Woods* v. *Bonner,* 89 Tenn., 411, 414, 415, 18 S. W., 67. We also think the true view of the question is expressed in the following excerpt from *Bear Valley Coal Co.* v. *Dewart,* 95 Pa., 72, 78:

"An abandoned title is not transferred to an adverse claimant, or person who first seizes the land, but it falls back to the State, and by its extinction sometimes makes a younger and conflicting title good. The doctrine of abandonment does not apply to a perfect title, but only to imperfect titles. In favor of a junior warrant or settlement right after long lapse of time, an imperfect title by warrant and survey may be presumed to be abandoned. But such presumption cannot be made of a perfect title. That is never reinvested in the State on such principle. After the land has been located and patented, it will not fall back because it is a derelict, nor for the owner's neglect to pay the taxes. *Hoffman* v. *Bell,* 61 Pa., 444."

Phy v. Hatfield.

To same effect, see *Kreamer* v. *Voneida,* 213 Pa., 74, 62 Atl., 518; *Doty* v. *Gillett,* 43 Mich., 203, 5 N. W., 89; *Barrett* v. *Kansas & T. Coal Co.,* 70 Kan., 649, 79 Pac., 150; *Houston Oil Co.* v. *Kimball,* (Tex. Civ. App.), 114 S. W., 662.

On the grounds above stated, we think the chancellor acted correctly in deciding that controversy in favor of the defendants and dismissing the complainant's bill. His decree is accordingly affirmed, with costs.