# Sautter et ux. *v.* Rowland, Appellant.

*Ejectment—Title—Possession—Source of title — Admission in plaintiff's answer—Appeals.*

1. In an ejectment, where the defendant in his answer admits that he claims possession under and through plaintiffs, the latter are the common source of title and there is no need of further proof thereof.

2. Where no question is raised in the lower court as to plaintiffs in an ejectment being the common source of title, nor as to defendant's possession, none can be raised on appeal.

*Vendor and vendee—Agreement of sale—Suggestion as to formal contract—Conference agreement.*

3. A valid agreement of sale of real estate, is not affected by the fact that it contains a suggestion for a more formal contract.

4. A contract giving immediate possession of the premises and paying down hand money, with all details for completion of the transaction, is not rendered invalid by calling it a conference agreement.

*Appeals—Ejectment—Written agreement of sale—Evidence—Ground of objection below.*

5. Where at a trial of an ejectment the only objection to the admission of a written agreement, was that it was immaterial, no other objection can be raised or considered on appeal.

*Appeals—Trial on merits—Defect in pleadings—Harmless error.*

6. After a trial on the merits, it is too late, on appeal, to take advantage of a defect in the pleadings.

7. A case will not be reversed because of some slight omission, not affecting the merits, that could have been cured had attention been called to it at the trial.

*Appeals—Assignment of error—Act of May 24, 1923, P. L. 439 —General exceptions — Inadvertent misstatements — Attention of court not called to them.*

8. A general exception to a charge under the Act of May 24, 1923, P. L. 439, does not, on appeal, embrace inadvertent misstatements of facts, set forth as excerpts to the charge, to which the attention of the court was not called.

*Vendor and vendee—Agreement of sale—Hand money—Liquidated damages.*

9. Where parties to an agreement of sale of realty designated the hand money as liquidated damages forfeited in the event of default, and in a suit between them there is nothing in the record by which plaintiff's actual damages can be assessed, and the issues all relate to the single act of purchase, the amount designated will be construed as one of liquidated damages, although the fact that the parties so designated it is of little moment.

*Ejectment—Evidence—Testimony of a single witness.*

10. In ejectment where the plaintiff's case is made out by the testimony of a single witness which is in part corroborated, and is not contradicted, nor shown to be insufficient, the court commits no error in directing a general verdict for plaintiffs if the jury believe the evidence.

*Appeals—New trial—Remarks of counsel—Withdrawal of juror not requested.*

11. A party cannot on appeal complain of improper remarks of counsel at the trial, where he did not ask for the withdrawal of a juror and continuance of the case.

Argued December 1, 1925.    Appeal, No. 393, Jan. T., 1925, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1924, No. 3702, on verdict for plaintiffs, in case of Frank W. Sautter et ux. v. William Rowland. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Ejectment for four lots of land in Philadelphia.    Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Unconditional verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*John G. Kaufman,* for appellant.—Plaintiffs failed to put in any evidence that title was in plaintiffs:

214    SAUTTER et ux. *v.* ROWLAND, Appellant.

Muhlenberg v. Druckenmiller, 103 Pa. 631; Bonaffon v. Peters, 134 Pa. 180.

The possession of defendant is a material element to be proven before a verdict can be had for plaintiffs in ejectment.

The restoration of rights should be mutual. If plaintiffs get their land, defendant should get his money: Howard v. Stillwagon, 232 Pa. 625.

Resting the verdict on the evidence of a single witness is error: Bohlen v. Stockdale, 29 Pitts. L. J. (O. S.) 198; Fillman v. Divers, 31 Pa. 429; Howell v. Mellon, 169 Pa. 138.

Under no condition should there have been an absolute verdict for plaintiffs: Young v. R. R., 48 Pa. Superior Ct. 49; Hawk v. Greensweig, 2 Pa. 295; Lauer v. Lee, 42 Pa. 165.

*E. Spencer Miller,* with him *John H. Schwartz,* for appellees.—Title in plaintiffs is admitted by defendant in his answer: Lutes v. Randall, 267 Pa. 285.

In his answer, defendant distinctly admits he was in possession.

A contract for sale of real estate, after being actually cancelled, may be revived by parol: Duffield v. Hue, 129 Pa. 94; McClelland v. Rush, 150 Pa. 57.

OPINION BY MR. JUSTICE WALLING, January 4, 1926:

This action of ejectment was for the recovery of possession of the property known as 1504-6-8-10 North Marvine Street, Philadelphia. On June 27, 1924, Frank W. Sautter and wife, the owners of the property, entered into a written agreement to sell same to defendant, William Rowland, and one J. F. Flail. The consideration stated was $45,000, of which $5,000 was paid in hand, as a deposit, and to be forfeited as liquidated damages in case of the purchasers' default. Possession of the property, which included a two-story brick garage, was to be and was immediately turned over to the buyers. The

agreement, embracing the elements of a transfer of property, provided that it should be followed within three days by a more formal writing calling for a completion of the purchase within ninety days from June 30, 1924. The parties met on the day last mentioned and such formal agreement was prepared but Rowland declined to execute it unless Flail was eliminated as a party, to which the latter refused to consent. On July 2d, following, plaintiffs' counsel wrote to both Rowland and Flail declaring the agreement cancelled and of no further effect, because of their refusal to execute the formal agreement. Thereafter, however, all parties treated the agreement of June 27th as in force, and later in the summer Rowland procured an assignment of Flail's interest therein, and continued in possession of the premises, but failed to perform or tender performance of the contract within the ninety days, or at any subsequent time. Thereupon plaintiffs brought this action of ejectment and recovered an unconditional verdict; from judgment entered thereon defendant has appealed.

We find nothing in the numerous assignments of error which calls for a reversal. In answer to plaintiffs' declaration and abstract, defendant admits he claims a right of possession under and through plaintiffs; hence, the latter is the common source of title and needs no further proof thereof: Turner v. Reynolds, 23 Pa. 199. How far the pleadings in an action of ejectment stand as defining the issue although, as in this case, not formally offered in evidence, we need not decide, for there was no question raised in the lower court as to plaintiffs being the common source of title; hence, none can be raised here. See Saxman v. McCormick, 278 Pa. 268; Boyd v. E. F. Houghton & Co., 269 Pa. 273; Hanley v. Waxman, 80 Pa. Superior Ct. 274.

The first paragraph of defendant's answer admits his possession of the premises, and, although not offered in evidence, no question as to possession was raised at the trial, so, on the authorities just cited, we cannot con-

sider it here. No doubt the plaintiff in an action of eject-
ment must prove defendant's possession, which is usu-
ally done by offering in evidence the sheriff's sworn re-
turn of service of the writ. Where that is not sufficient
there must be some other proof of defendant's posses-
sion: Kreamer v. Voneida, 213 Pa. 74, 78, and see Mc-
Intire v. Wing, 113 Pa. 67, also Helfenstein v. Leonard,
50 Pa. 461, 476; but here, as no such question was
raised at the trial, we cannot consider it, especially in
view of defendant's answer, which could and doubtless
would have been offered in evidence had the question
been raised: Com. v. McWilliams, 11 Pa. 61.

Complaint is made that the written contract by which
Flail sold his interest in the agreement in question was
admitted in evidence without having been pleaded, but
the only objection made to it at the trial was that it was
immaterial, hence, we cannot consider a different one.
It was material; whether it should have been pleaded is
unimportant after verdict: Selig v. Rehfuss, 195 Pa.
200. It is a familiar rule that after a trial on the merits
it is too late to take advantage of a defect in the plead-
ings: Mathias v. Sellers, 86 Pa. 486. It is also a fa-
miliar rule that a case will not be reversed because of
some slight omission, not affecting the merits, that could
readily have been cured had attention been called to it
at the trial: Klick v. Gernert, 220 Pa. 503.

The agreement of June 27, 1924, was valid as one of
sale, nothwithstanding the suggestion therein of a more
formal contract. See Pratt v. Hudson River Railroad
Company, 21 N. Y. 305. A contract giving immediate
possession and paying $5,000 hand money, with all the
details necessary for completion of the transaction, is
not rendered invalid by calling it a conference agree-
ment. The minds of the parties met and their agreement
was put in writing and acted upon; it lacks none of the
essentials of a valid contract, and we are not prepared to
hold it was abrogated by the failure to execute the other
contract or that the letters of plaintiffs' attorney of

July 2d, attempting to cancel the agreement, were of any validity. If they were, the effect was nullified by the subsequent conduct of the parties, for defendant never offered to surrender the property pursuant to that notice, and all parties continued to treat the contract as in force.

Errors are assigned to excerpts from the charge, especially as to comments on the facts. Defendant took only a general exception to the charge, which, under the Act of May 24, 1923, P. L. 439, does not embrace inadvertent misstatements of facts, if any, to which, as in this case, the attention of the court was not called. The act reads, inter alia (P. L. 440) : "But it [a general exception] shall not operate or be construed to be an exception to any matters of fact inadvertently misstated by the court unless the court's attention is called to the alleged misstatement prior to the taking of such exception"; so that matter cannot now be considered.

The contract of June 27, 1924, provides, inter alia: "It is agreed by the parties that the deposit of five thousand dollars ($5,000) shall be considered as liquidated damages and forfeited in the event of the default by Rowland in making settlement at the expiration of ninety days." There is nothing in the record by which plaintiffs' actual damages could be assessed and as it all related to the single act of purchase it should be construed as one of liquidated damages, although the fact that the parties so designated it is of little moment: Gross v. Exeter Machine Works, 277 Pa. 363; York v. York Railways Co., 229 Pa. 236; Emery v. Boyle, 200 Pa. 249; Kunkel & Jordan v. Wherry, 189 Pa. 198; Malone et al. v. Phila., 147 Pa. 416; Mathews v. Sharp, 99 Pa. 560; Gottschall v. Kapp, 47 Pa. Superior Ct. 102; Stover v. Spielman, 1 Pa. Superior Ct. 527. In 8 R. C. L., p. 569, the rule is stated that, "If the actual damages are uncertain and difficult to ascertain or prove, or are of a purely speculative character, and the contract furnishes no data for their ascertainment, the provision

will, as a rule, be held to be one for liquidated damages, at least if the sum paid does not appear to be unreasonable in amount." Hence, as the jury found defendant breached his contract, plaintiffs might recover their property without repayment of the $5,000: Vito v. Birkel, 209 Pa. 206; Sanders v. Brock, 230 Pa. 609.

Error is assigned to that part of the charge which directed the jury to find a general verdict for plaintiffs if they believed the oral evidence of John H. Swarz, which, as the trial judge explained, was in part corroborated. This assignment might be well taken had there been a conflict in the evidence or a doubt of its sufficiency, if credible (Fillman et al. v. Divers, 31 Pa. 429; Howell v. Mellon et al., 169 Pa. 138; Tobin v. Gregg et al., 34 Pa. 446), but there was neither. If Swarz's testimony was true, plaintiffs' case was made out, and we are not prepared to hold the trial judge committed reversible error in so informing the jury. Defendant offered no evidence, except the letters of July 2d, so there was no conflict in the testimony. Defendant offered no evidence as to the amount received by him as income from the property since July 2, 1924, and makes no claim that he tendered performance of the contract on his part or was ready and willing to do so or tendered a return of the property. The only defense set up in the answer is that the agreement was cancelled on July 2d, and that defendant retains possession and claims the right to do so until reimbursed the $5,000. But he makes no attempt to deny that the parties by their subsequent conduct treated the agreement as in full force and in fact his contract with Flail and other evidence show he so regarded it.

Had defendant completed the purchase under the contract he would have been entitled to an additional credit of $7,000, but as he failed to do so that provision drops out of the case. There was some personal property embraced in the contract, not here material. Defendant had been in possession of the property for seven months

when the case was tried and there was some evidence that plaintiffs paid a commission on the sale; so the remarks of their counsel, along that line, in closing to the jury, were not improper. In any event, as appellant did not ask for the withdrawal of a juror and continuance of the case, because thereof, the matter affords no ground for a new trial.

It is not necessary to refer in detail to each assignment of error; they are all overruled and the judgment is affirmed.