## Rostan v. Chookagian

*Ross A. Unruh*, for plaintiffs.
*Richard Lovenworth*, for defendants.

PITT, *J.*, July 29, 1974—This matter is now before this court upon a motion for summary judgment filed by plaintiff, Norco Shopping Center Co. To grant such a motion, it must be shown that, upon perusal of all the pleadings, depositions and admissions on file, no issue of material fact remains to be tried: McFadden v. American Oil Company, 215 Pa. Superior Ct. 44 (1969). The pleadings involved herein are somewhat complex and lengthy but it is the opinion of this court that, for the limited purpose of the action in ejectment presented for our consideration, the material issues of fact are settled and judgment should be rendered thereon.

In July of 1967, plaintiff entered into a lease agreement with Betty Brite, Inc., for five years with option to renew the lease for an additional five-year period. The lease included a clause which required written consent of the lessor, the plaintiff herein, before any assignment could be made, with such consent not to be unreasonably withheld. In February of 1971, Betty Brite, Inc., the lessee, entered into an agreement with defendants in this action, James and Diana Chookagian, husband and wife, in which the lease was "assigned" to defendants. Defendants never reviewed the original lease agreement between Norco Shopping Center Co.

and Betty Brite, Inc. Defendants admit that they had no contact with plaintiff prior to the agreement with Betty Brite, Inc., and no written approval from plaintiff was ever procured. Defendants began to pay rent to the attorney for plaintiff upon instruction from an agent of Betty Brite, Inc., Mr. Becker. Negotiations for a lease between the parties to this action commenced in 1972 and lasted till some time in the early part of 1973. There was never any written document consummated between these parties and, in fact, plaintiff consistently refused to accept defendants as "assignees" under the original lease. Defendants continued monthly rental payments until April 1, 1973, at which time the payments ceased and no money has been tendered since that time. Plaintiff has made demand upon defendants for rent and subsequent to those demands has asked defendants to vacate the premises, which they have failed to do.

In an ejectment action, there is only one basic issue—that of the right of possession: Vlachos v. Witherow, 383 Pa. 174, 118 A. 2d 174 (1955). Plaintiff has the burden of proving his right to immediate possession and that defendant is in possession: Sautter et ux., v. Rowland, 285 Pa. 212, 131 Atl. 733 (1926). Plaintiff contends that defendants are tenants at will which has been admitted in defendant James Chookagian's answer. However, later, under the title new matter defendant James Chookagian asserts that he is an assignee of the original lease between Norco Shopping Center Co. and Betty Brite, Inc. There would seem to be some merit to defendant's later assertion since it has been held that when a lessor accepts rental payments from an assignee of the original lessee, knowing that such assignee is in possession of the

property, his action in so doing constitutes a waiver of a clause in the lease prohibiting an assignment without the lessor's consent: Sferra v. Urling et al., 328 Pa. 161, 195 Atl. 422 (1937).

But even if this court were to find that a valid assignment had arisen in these circumstances, defendant does not have the right to stop paying rent. Nothing but a surrender, a release or an eviction can absolve a tenant from the obligation to pay rent: Fisher v. Milliken, 8 Pa. 111 (1848); Gale Ind., Inc. v. Bristol F.M. & A. Co., 431 Pa. 464, 246 A. 2d 391 (1968). Since defendants have refused to pay rent since April of 1973, and have refused to vacate the premises upon demand of plaintiff, it is the opinion of this court that, in the action of ejectment herein, defendants are unlawfully in possession of the property and thus plaintiff is entitled to immediate possession of the property. In finding in favor of plaintiff on the motion for summary judgment, we make no finding as to damages nor must we decide whether a valid assignment actually arose.

Thus we enter the following

## ORDER

And now, July 29, 1974, for the reasons hereinabove set forth, defendants, James Chookagian and Diana Chookagian, are ordered and directed to vacate and deliver possession of the premises described in paragraph 4 of the complaint to plaintiff, forthwith.