Brannon v. Mercer.

ISAAC BRANNON *et al. v.* HENRY MERCER *et al.*

(*Knoxville.* September Term, 1917.)

1. WILLS. Construction. Condition precedent or subsequent.

There are no technical words that necessarily import a condition precedent rather than a condition subsequent, but the same words may indifferently indicate either according to the intention of the testator, gathered from the entire will and the surrounding facts; the test being whether testator intended that a compliance with the requisition annexed to the estate devised should be a condition of its acquisition or merely of its retention. (*Post, pp.* 421, 422.)

2. WILLS, Construction in favor of vesting, Condition precedent or subsequent.

Courts do not favor the abeyance of estates, but incline toward that construction of a will which will give the devisee a vested estate; therefore they favor conditions subsequent, rather than conditions precedent, when that construction may be given fairly. (*Post, p.* 422.)

3. WILLS. Construction. Remainders. Vested or contingent.

In case of doubt, remainders are construed as vested rather than contingent, and when the doubt is as to whether words of condition apply to the gift itself or to the time of payment, the inclination is to apply them to the time of payment. (*Post, p.* 422.)

4. WILLS. Construction. Condition as subsequent or precedent.

If the act to be done before the estate vests does not necessarily precede the vesting, but may accompany it or follow it, and this is to be collected from the whole will, the condition is subsequent. (*Post, p.* 422.)

Cases cited and approved: Finlay v. King, 3 Pet., 346; Bowden v. Walker, 63 Tenn., 600.

5. **WILLS.    Construction.    Immediate or vested interest.**

If a devise on condition be in words of the present tense, and no contrary intent appears, it imports an immediate or vested interest. (*Post, p.,* 422.)

6. **WILLS.    Construction subsequent or prceedent.**

The fact that compliance with the words of a devise requires time is not conclusive, but is a strong circumstance indicating a condition subsequent rather than a condition precedent. (*Post,* p. 422.)

7. **WILLS,    Devise or gift on condition,    Condition subsequent or precedent.**

Directions to pay a legacy or charge on a gift implying possssion of a fund are commonly not treated as conditions precedent, and, where it appears from the will and circumstances that the enjoyment of the property is necessary to enable the devisee to perform the condition, the condition is not precedent. (*Post,* p. 423.)

8. **WLILS,    Construction,    Devise on condition,    Condition subsequent or precedent.**

A provision that a devise shall be void on nonperformance of a condition tends to show that it is subsequent, and not precedent. (*Posl,* p. 423.)

9. **WILLS.    Construction.    Devise on condition subsequent.**

Where testatrix devised her niece a tract of land, after the death of testatrix's husband and the niece's mother, on condition that the niece pay to other nieces $1,000 each, the niece being poor and without resources with which to meet the requirement that she pay legacies, the condition on which the remainder in fee was devised to the niece, the payment of legacies, was a condition subsequent, not a condition precedent, and the payments were to be made when the remainder in fee in the niece became consummate on the falling in of the life estates in testatrix's husband and the niece's mother on which it was limited, though the will provided in a codicil that the devisee should have three years after testatrix's death in which to pay one of the two legacies. (*Post, pp.* 423-425.)

Brannon v. Mercer.

Cases cited and approved: Laurens v. Lucas, 6 Rich. Eq. (S. C.), 217; Birmingham v. Lesan, 77 Me., 494; Re Gray, 27 N. D., 417.

10. WILLS, Construction. Conditions subsequent and precedent.

A condition claimed to be precedent is construed in favor of vesting the estate, and a condition subsequent is construed strictly against divesting the estate; the law being hostile to conditions. (*Post, p.* 425.)

11. ABANDONMENT. Abandonment of vested right. Necessity for affirmative act.

To justify a conclusion that there has been an abandonment of a vested right, there must be some clear and unmistakable affirmative act indicating a purpose to repudiate the ownership. (*Post, pp.* 425, 426.)

Case cited and approved: Phy v. Hatfield, 122 Tenn., 694.

12. WILLS. Devise on conditions subsequent. Failure or refusal to perform.

Where the devisee of the remaider in fee of a tract of land on condition subsequent that she pay legacies expressed purpose to pay the legacies when they became due, according to her understanding of the due date, there was no such failure to pay legacies, nor such a refusal to pay as the will contemplated as divesting the devisee of her estate, nor was it such a clear and unmistakable act of abandonment on the devisee's part as is required by law to divest her. (*Post, pp.* 426, 427.)

---

FROM HAMBLEN.

---

Appeal from the Chancery Court of Hamblen County.—H. G. KYLE, Chancellor.

McCANLESS, COLEMAN & TAYLOR, for appellants.

138 Tenn.—27

J. A. Carriger, for Mercer and others.

C. T. Rankin, for Robinson and others.

Mr. Justice Williams delivered the opinion of the Court.

The bill of complaint was filed in support of a claim under the will of Mrs. Martha Sunderland, who was childless, to an interest in a farm, at this time of the approximate value of $18,000, and at the date of the death of the testatrix of the value of about $8,000. Complainants are the legatees named in the third and last codicil to the will, Mary Louisa (Talbott) Brannon and others, who contend that a default was made in the payment of their legacies, which payment was imposed upon Mrs. Blanche Raymond Robinson, as devisee, and that thereupon by the terms of the fourth clause said tract of land devised in remainder to the latter should be sold, and the proceeds divided, complainants to share in the distribution to the extent of two-thirds thereof.

The defendants claim under Mrs. Blanche R. Robinson, the devisee, who died without issue.

The principal contention of the complainants is that the remainder estate was devised to Mrs. Robinson, after the death of the husband of testatrix and Alice Robinson, sister of the testatrix, upon condition precedent, and that it was intended that it should not vest in her unless and until she paid their legacy sums. The defendants insist that the stipulation was a condition subsequent.

The original will is dated November 2, 1886, and its pertinent clauses are as follows:

By the first clause of her will the testatrix gives her husband, J. E. Sunderland, a life estate in what is known as the A. C. Watkins farm, a portion of which is involved in this controversy.

By the third cluse of the will the testatrix gives to her sister, Alice Robinson, a life estate in the farm mentioned in the first clause after the falling in of the life estate given to the husband. Alice was the mother of Blanche Raymond Robinson, named in the next clause.

The fourth clause of the will, being the clause involved in this litigation, is in the words and figures following, to wit:

"After the death of my husband and that of Alice Robinson, on condition that niece Blanche Raymond Robinson will pay to my nieces, Mary Melissa and Martha Louisa Talbott, the sum of one thousand dollars each, I do will and devise, to her, the said Blanche R. Robinson, for her sole and separate use, behoof and benefit, a tract of land situated [here describing it], being a portion of the hereinbefore described farm where I now reside, and in the first clause of this will devised to my husband for life, and in the third clause to Alice Robinson for life. Should Blanche Raymond Robinson decline or refuse to pay to Mary Melissa and Martha Louisa Talbott the sum of one thousand dollars each, then it is my will and I so declare, that the devise hereinbefore made to her, the said Blanche R. Robinson, shall be null and void;

and I hereby direct that the tract of land hereinbefore devised to her shall be sold and the proceeds of said sale be equally divided between her, the said Blanche R. Robinson, and Mary Melissa and Martha Louisa Talbott.''

On the 28th day of December, 1900, said testatrix added a codicil to the will, as follows:

''It is my will that my niece, Blanche Raymond Robinson, shall pay to Martha Lou Bradley and Holland E. Bradley, or their guardian, the sum of one thousand dollars, said sum being the amount devised in the fourth clause of my will to my late niece, Mary Melissa Talbott, the payment of which was required of said Blanche R. Robinson. It is my will, and I so declare, that the said Blanche R. Robinson shall have three years after the time of my death in which to pay the said thousand dollars.''

The effect of this codicil was to substitute Martha Lou Bradley and Holland E. Bradley in the place of Mary Melissa (Talbott) Bradley, their deceased mother, to whom it was originally provided that Blanche R. Robinson should pay $1,000.

On November 16, 1901, the testatrix added a third codicil to the will, which is as follows:

Changing item 4 of said will by ''directing my executor to pay that part of my estate, which is one thousand dollars, that I intended for my niece Mary M. Talbott, to my great-nieces, Mary Talbott and Latishan Talbott, each one hundred and twenty-five dollars, also four hundred and fifty dollars to my nephew William

Talbott, and to my great-nephew, Thomas L. Robinson, three hundred dollars. All of said money to come out of that part of real estate intended for my niece, Mary M. Talbott.''

The effect of this third codicil was to substitute the persons named therein for the two Bradley children, provided for in the second codicil.

The chancellor held that the condition was one subsequent, and that there had been no refusal on the part of the devisee in remainder to pay the legacies. On appeal, the court of civil appeals divided on the question of the nature of the condition three to two, the majority holding with complainants' insistence, that the remainder was to vest on a condition precedent, and that court ruled that there had been a refusal to pay the legacies.

The problems for solution may be better understood in the light of these additional dates: The testatrix died November 18, 1901. Jesse E. Sunderland, her husband and the life tenant, survived until July 21, 1912. Mrs. Alice Robinson, the first remainderman, died July 3, 1910. Blanche R. Robinson, the daughter of Alice and second remainderman, died May 5, 1903. The bill of complaint was filed September 4, 1913.

There are certain rules for the construction of wills that will aid in the determination of the vestiture of the remainder estate devised to Blanche R. Robinson, whether on condition precedent or subsequent. There are no technical words that necessarily import a condition precedent rather than a condition subsequent, but the same words may indifferently indicate either

according to the intention of the testator gathered from the entire will and the surrounding facts ;the test being whether the testator "intended that a compliance with the requisition annexed to the estate devised should be a condition of its acquisition or merely of its. retention." Some of the canons are:

(a) Courts do not favor the abeyance of estates, but incline towards that construction which will give the devisee a vested estate; therefore they favor conditions subsequent, rather than conditions precedent, when that construction may be given fairly and unforced.

(b) Remainders are, in case of doubt, construed as vested rather than contingent. When the doubt is as to whether words of condition apply to the gift itself or to the time of payment, the inclination is to apply them to the time of payment.

In addition there are certain indicia which, while not canons, strictly speaking, aid in such determination.

(a) If the act to be done does not necessarily precede the vesting of the estate, but may accompany it or follow it, if this is to be collected from the whole will, the condition is subsequent. *Finlay* v. *King*, 3 Pet., 346, 7 L. Ed., 701; *Bowden* v. *Walker*, 4 Baxt. (63 Tenn.), 600.

(b) If the devise be in words of the present tense and no contrary intent appears, it imports an immediate or vested interest.

(c) The fact that the compliance requires time is not conclusive, but it is a strong circumstance indicating a condition subsequent.

(d) Directions for the payment of a legacy or charge on a gift which implies possession of a fund are commonly not treated as conditions precedent; and where it appears from the language of the will and the circumstances that the enjoyment of the property is necessary to enable a devisee to perform the condition, the indication is that the condition is not precedent.

(e) A provision that the devise shall be void on nonperformance tends to show that the condition is not precedent, since, if it were, such a provision would be unnecessary.

Applying these rules of construction and *indicia,* we are of opinion that the court of civil appeals erred in holding that the remainder in fee did not vest upon condition subsequent in Blanche Raymond Robinson.

It is manifest from the proof in the record that the devisee was poor and without resources with which to meet the requirement that she pay the legacies; and the reasonable implication is that the testator, who had favored the devisee's mother, Alice Robinson, with the grant of the immediately preceding life estate in remainder, did not intend to mock her niece by granting her property upon a condition impracticable of being performed by her. Rather, the inference should be, in accord with (d) of the *indicia* above, that as the ability to comply depended upon the enjoyment of the property devised, the payments were to be made when the remainder in fee became consummate—here on the falling in of the life estates upon which it was limited.

*Laurens* v. *Lucas,* 6 Rich. Eq. (S. C.), 217; *Birming-ham* v. *Lesan,* 77 Me., 494, 1 Atl., 151.

The position of the complainants is that the devisee must have made the payments and waited through a period of time covering two life estates before enjoyment. Such a construction would be a harsh one, indeed, and one not to be adopted unless the court is compelled to do so by language of undoubted import.

The only thing in the will that tends to quarrel with our construction of the will is the provision in the codicil of December 28, 1900, which is that the devisee should have three years after the death of testatrix in which to pay one of the two $1,000 legacy sums. The Bradley children there referred to were of tender years, and we think we should assume it was some exigency or need due to that fact that led to the acceleration of the payment of that particular legacy. The other $1,000 legacy was not so affected; and it should be noted that in the last codicil the testatrix substituted other legatees for the Bradley children, left off the stipulation as to payment within three years, and reverted to the original scheme as to the time for payment of the legacies. We so construe the will.

The provision in the codicil for the earlier payment, that is, within three years, however, does serve to distinctly mark the condition as a subsequent one, under (a) of the *indicia* above. *Re Gray,* 27 N. D., 417, 146 N. W., 722, L. R. A., 1917A, 611, and cases cited in opinion and note.

As to the claimed abandonment of the devise, by reason of a refusal of Blanche R. Robinson to pay the legacies:

As noted above, the chancellor held that there had been no such refusal, but the court of civil appeals ruled that there had been "an absolute, point-blank refusal" by Mrs. Robinson after full knowledge of her rights.

We must confess our total inability to follow the learned appellate court. We fail to see any basis in law or in fact for its ruling.

We have just held that the condition involved was not one that was precedent. Growing out of the principle of the law's hostility to conditions, not only is a condition claimed to be precedent construed strictly in favor of vesting the estate, but a condition subsequent is itself construed strictly against divesting the estate.

In order to justify the conclusion that there has been an abandonment of a vested right, there must be some clear and unmistakable affirmative act indicating a purpose to repudiate the ownership. *Phy* v. *Hatfield,* 122 Tenn., 694, 126 S. W., 105, 135 Am. St. Rep., 888, 19 Ann. Cas., 374, and cases cited.

In the light of these legal principles, we shall discuss the evidence touching this claim.

Witnesses testify that in 1902 Mrs. Blanche R. Robinson stated to them that she did not have the money with which to make payment of the legacies; that, if the testatrix had wanted her to pay same, it seemed

to her that her aunt would have made the will different. At that time, however, Mrs. Robinson had not seen the will. She had heard of it, but whether its contents were correctly communicated to her is not shown. She lived at the time in West Tennessee, about five hundred miles from Hamblen county.

On the other hand, it appears that later on she visited Hamblen county, the home of the testatrix, and that thereafter she expressed a purpose to pay the legacies when they became due according to her understanding of the due date. It is plain, on the record, that the husband of the testatrix, who was one of the executors of the will, understood that the legacies were not payable during his life. That the same thing is true of Martha L. Talbott (Mrs. Mercer) is clear. In fact she, as legatee of one of the $1,000 bequests, joined by her husband, sold all her right and claim thereto for $900 as late as January 30, 1913, and recited in the instrument by which it was assigned that it was "not yet due." This was done after the will had been examined by the attorney of the Mercers, who gave them advice as to their legal rights and drafted the assignment.

The conversations relied upon by complainants were not with persons who were demanding payment; and those entitled thereto never acted to their detriment on the faith of any refusal or abandonment. Manifestly there was not a failure to pay, not to speak of a refusal such as the will sets forth; and manifestly also there is not such a clear and unmistakable affirmative

act on the part of the devisee as is required by the law to support the claim. The legacies did not fall due until ten years after the conversations relied on, and these were casual conversations, and nothing more than statements of intentions in reference to a future event. We cannot hold that they preclude her heirs at law, provided offers to pay were made within a reasonable time after the death of the husband of testatrix, and that there were such offers to some and actual payments to others of those entitled cannot be denied. To hold otherwise than we do would be to work an abandonment or forefeiture of an estate worth from $8,000 to $10,000 at the time, on account of a failure not a refusal, to pay $2,000. Complainants ask too much of the court.

The chancellor rendered a decree correct in every respect. That of the court of civil appeals is reversed in order to the affirmance of the chancellor. Directions accordingly.