**In re Mary LOISELLE, Bankrupt.**

**Bankruptcy No. BK–78–148.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 10, 1979.

of its security, and the Trustee refused. Beneficial and the Trustee agree that Beneficial's lien exceeds the market value of the secured property, (a car), and that there is no equity for the estate. Beneficial then filed an application requesting the Court to order the Trustee to abandon the car. The Trustee objects to the application on the ground that the Trustee is the only party authorized to request abandonment, and suggests that the creditor be required to obtain possession via a complaint for reclamation which would be governed by Rule 701(2) in Part VII of the Rules governing Adversary Proceedings.

We disagree with Trustee's contention and adopt Beneficial's position. The remedy suggested by the Trustee is available to the secured creditor but is not exclusive. Abandonment of property in accordance with Rule 608 states clearly

> "The court may, on application or on its own initiative and after hearing on such notice as it may direct, approve the abandonment of any property . . ."

This Rule does not indicate or imply that abandonment is a remedy available only to the Trustee. When an activity or function is limited to the Trustee, the Rules of Bankruptcy Procedure usually define such exclusivity as "on application the trustee . ."[1] or "the trustee shall . . ."[2]

The Trustee feels compelled to resist Beneficial's application because, in his opinion the granting of the same may set a precedent which would jeopardize the rights of Bankruptcy trustees in other cases. The Trustee's concern in this respect is unwarranted. We must deal with the facts as presented. In this case, no rights of the Trustee will be affected. If the Trustee desires to litigate Truth In Lending violations or any other cause of action, he may do so with no prejudice resulting from the requested order for abandonment.

John Boyajian, Providence, R.I., Trustee, for Mary Loiselle.

James E. Keeley, Providence, R.I., atty. of record, for Beneficial Finance Co. of Rhode Island.

## MEMORANDUM

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Beneficial Finance Co. of Rhode Island, a secured creditor of the Bankrupt, has requested the trustee to surrender the subject

---

1. See, Rule 609—Redemption of Property.

2. See, for example, Rule 607—Assumption, Rejection and Assignment of Executory Contracts; Rule 605—Money of the Estate, Collection, Deposit and Disbursement.

With respect to future unrelated applications for orders of abandonment those cases will, of course, be considered separately on their merits after notice to the Trustee and after hearing on any objection or prejudice which he or she may raise.[3]

█ It can be stated safely without citation that this is a Court of Equity which must consider the rights of all parties including the bankrupt, the estate, and both general and secured creditors, while carrying out the underlying purpose of a bankruptcy proceeding—the distribution of the bankrupt's assets. This equitable flexibility permits the Court therefore in each case to examine and weigh the positions of the parties, and to exercise its judicial discretion in order to accomplish common sense results where no harm will occur to interested parties.

Based upon the foregoing and in view of the facts presented in *this* case, Beneficial's application is granted and the Trustee is ordered to abandon the vehicle in question and to surrender the same to Beneficial. The parties are directed to present a judgment in accordance with the terms of this Memorandum for entry within ten (10) days.

---

**3.** In this case it is the Court's understanding that the Trustee does not object to the application on any substantive ground, but raises objection only to the procedural step sought to be taken here by Beneficial.