**In re Larry Fagg DALTON, a/k/a Larry Dalton, d/b/a CDS Construction and Micki Stair Dalton, a/k/a Mickie Maylene Stair, Debtors.**

**PEOPLES SECURITY SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

**v.**

**Larry DALTON, Micki S. Dalton, Metroplex Homes, Inc., Ralph H. Noe, Jr., Trustee, and Leon Steinberg, Trustee in Bankruptcy, Defendants.**

Bankruptcy No. 3–82–00877.
Adv. No. 3–82–0635.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 20, 1982.

Noe & Hinsley, Paul K. Hinsley, Morristown, Tenn., for plaintiff.

Leon Steinberg, Knoxville, Tenn., pro se.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This case involves the entitlement to rental payments collected by the debtors' first mortgagee subsequent to the filing of the debtors' voluntary chapter 7 petition and previous to the entry of an agreed order providing for the abandonment by the trustee in bankruptcy of any interest in the mortgaged residential property. The first mortgagee, plaintiff Peoples Security Savings and Loan Association (Peoples), con-

tends, by virtue of the terms of its deed of trust from the debtors, it is entitled to the rental proceeds it collected. The trustee in bankruptcy, Leon Steinberg, submits that written demand should have been made by the plaintiff prior to its collection of rental payments.

### I

The debtors' joint petition was filed on June 17, 1982. One of the parcels of real property owned by them on the date of their petition was subject to a first deed of trust in favor of Peoples and a junior deed of trust granted to Metroplex Homes, Inc. Peoples filed a complaint to obtain relief from the automatic stay of 11 U.S.C.A. § 362(a) (1979), on July 22, 1982, alleging that the unpaid obligations secured by these two deeds of trust exceeded the fair market value of the mortgaged property. On September 21, 1982, an agreed order[1] was entered lifting the automatic stay and permitting foreclosure by Peoples. This order also provided for abandonment by the trustee in bankruptcy of any interest in the property mortgaged to plaintiff.

At the August 25, 1982, hearing on the petition for relief from the automatic stay an officer of Peoples testified that plaintiff had learned six to eight months earlier that its security property was being rented. According to plaintiff's attorney, the property was leased by the debtors to Mr. J. Malloy; the debtors collected three months rent from Malloy without accounting therefor; Peoples collected rent from Malloy for July and August in the total sum of $1,300.00. The dispute appears to be limited to determining whether this $1,300.00 belongs to Peoples or the trustee in bankruptcy, for the benefit of creditors of the estate.[2] The money is being held in a separate account by Peoples. It has not been applied against the debtors' indebtedness to Peoples.

---

1. The plaintiff and the trustee in bankruptcy were the only parties whose approbation was necessary. Neither the debtors nor Metroplex Homes, Inc. filed an answer in response to the complaint or otherwise appeared in this adversary proceeding.

2. The brief filed on behalf of Peoples does not address the issue whether Peoples, as mortgagee, is entitled to any prepetition rentals collected by the debtors, who had defaulted on their payments to Peoples prior to filing bankruptcy.

Peoples avers that the debtors' account was forwarded to its attorney on June 6, 1982, for the purpose of enforcing its deed of trust. According to Peoples, the account was two months' delinquent and demand for payment of the installment had been made to the debtors.[3] No written demand for rents was directed to either Malloy or the debtors prior to the collection of rent by Peoples.

## II

█ Unless some contrary agreement exists, as a general rule a mortgagor with the right to possession who is regarded as the owner is entitled to the rent from real property. 55 Am Jur 2d, *Mortgages* § 211 (1971). Two provisions of the deed of trust held by Peoples relate to rents. The paragraph following the description and address of the mortgaged property recites:

> TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, *rents* (*subject however* to the rights and authorities given herein to Lender to collect and apply such rents) ... all of which ... shall be deemed to be and remain a part of the property covered by this Deed of Trust .... (emphasis added)

Paragraph 20 of the deed of trust concerns the lender's rights to collect and appropriate rents and provides in apposite part:

> As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.
>
> Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to

enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due.

Under the explicit terms of the agreement between the plaintiff and the debtors, there are alternative conditions precedent to plaintiff's right to collect rents. Either the account must have been accelerated, in accordance with paragraph 18 of the deed of trust, or the property must have been abandoned.

There is no evidence in the record that the account was accelerated prior to the collection of rents by Peoples. A demand for payment made on or before June 6, 1982, was limited to a demand for payment of an installment, according to plaintiff's brief.

█ The debtors did vacate and lease the security property several months prior to filing their bankruptcy petition. However, that action is not the same as an abandonment. "Abandon" is defined: "To desert, surrender, forsake, or cede. To relinquish or give up with intent of never again resuming one's right or interest. ...To give up absolutely ... to relinquish all connection with or concern in; to desert." Black's Law Dictionary 9 (4th ed. 1951). An abandonment of title to property must be "clear and unmistakable." *Phy v. Hatfield*, 122 Tenn. 694, 126 S.W. 105 (1910). Even assuming the standard of proof required to establish an abandonment of property, as opposed to abandonment of title thereto, is less than "clear and unmistakable" evidence, the record in this case does not permit a finding that the debtors had abandoned the security property. They did not relinquish all connection or concern with the property by leasing it. Further, there is no evidence of an intent on the part of the debtors to never return to the property.

The $1,300.00 rent collected by Peoples is property of the debtors' estate and should

3. This information is derived from plaintiff's brief filed on September 27, 1982. It is not apparent to which of the two debtors demand was made.

be surrendered to the trustee in bankruptcy.[4]

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

4. 11 U.S.C.A. § 541(a) (1979) enacts in apposite part:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located:

    (6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

    (7) Any interest in property that the estate acquires after the commencement of the case.