**In re Margaret Jean WILLIAMS, SSN: 523–78–7557, Debtor.**

**Bankruptcy No. 86 B 08270 J.**

United States Bankruptcy Court, D. Colorado.

Feb. 23, 1987.

Milnor H. Senior, III, Denver, Colo., for the debtor.

Murray I. Weiner, Sherman & Howard, Denver, Colo., for Gordon Davis.

MEMORANDUM OPINION
AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a Motion To Vacate Order Confirming

442

Debtor's Chapter 13 Plan filed by Gordon Davis ("Davis"). A hearing was held on this motion on January 23, 1987. After the hearing and a review of its file, for reasons more fully set forth below, the Court grants Davis' Motion To Vacate.

## FINDINGS OF FACT

The Debtor filed her voluntary petition for relief under Chapter 13 of title 11 of the United States Code on September 4, 1986. Davis' attorney, Murray I. Weiner, of the law firm of Sherman & Howard, filed a Notice of Entry of Appearance and Request for All Notices on October 7, 1986. The Debtor moved to have her plan confirmed on October 17, 1986. On October 30th, Davis filed a proof of claim with a rejection of the proposed plan, and on November 7th, Davis also filed an Objection to Confirmation. The Objection to Confirmation was amended in a minor technical fashion on November 13, 1986. At the same time, Davis also filed the Motion to Vacate the Order of Confirmation because the Debtor's plan had been confirmed by the Court on the consent date, November 10, 1986.

■ Objections to Confirmation were supposed to have been filed by November 3, 1986, accordingly, Davis' Objection appears to be untimely. However, a copy of the Debtor's Motion to Confirm was simply sent to "Sherman & Howard" without indicating Mr. Weiner on the address in spite of his Entry of Appearance. When the generically labeled Notice arrived at Sherman & Howard, a law firm of approximately 130 attorneys, it did not reach Mr. Weiner's desk in time for him to timely file his objection. The Court deems the November 7th Objection as timely under the circumstances.

The substance of both Davis' Objection to Confirmation and Motion to Vacate pertains to his treatment under the Plan. The Debtor alternatively uses the terms "abandon" and "surrender" in her plan and Motion to Confirm. The Motion to Confirm is oxymoronic in that in Part 2 it states that the "debtor is *abandoning* her interest in

her residence that is held as collateral by Gordon Davis" (emphasis added). Then in Part 4 of the Motion, the Debtor request "an order pursuant to Section 1325(a)(5)(C) allowing Debtor to *surrender* the property, or Debtor's interest in the property to the following creditors" (emphasis added) at which point the Debtor lists Davis and states that the property is "to be returned." The plan simply provides that the Debtor is "abandoning interest" in the residence. In spite of this language, the Debtor has chosen to do nothing and continues to live in the residence without making any payments whatsoever to Davis, hence his Objection to Confirmation and Motion to Vacate.

## CONCLUSIONS OF LAW

The first issue concerns procedure, i.e., the timeliness of Davis' objection which technically was filed late. However, it is a well established rule that "a creditor's claim cannot be subject to a confirmed plan [which] it had no opportunity to dispute." *In re Toth,* 61 B.R. 160, 165 (Bankr.N.D.Ill. 1986). The fact that the Debtor chose to generically label the Rule 23 Notice of Hearing (in spite of counsel's entry of appearance) which caused a delay in its reaching Mr. Weiner's desk must be construed against the party at fault—the Debtor. Accordingly, the Objection to Confirmation as amended is deemed timely.

The second issue goes to the substance of the Debtor's plan and the confusion surrounding the terms "surrender" and "abandon." Apparently, the Debtor wants to have her cake and eat it too at the expense of Mr. Davis which this Court will not allow. Section 1325(a)(5)(C) states that a Chapter 13 plan cannot be confirmed unless "the debtor *surrenders* the property securing such claim to such holder." (Emphasis added). As noted, the Debtor's Motion to Confirm also speaks in terms of surrender per § 1325(a)(5)(C). A surrender would presumably take place by a deed in lieu of foreclosure and an immediate vacating of the residence all of which is appropriate here.

Judge Gueck's colorful opinion *In re Robertson*, 72 B.R. 2 (Bankr.D.Colo.1985) is instructive on the distinction between abandon and surrender and their use in a Chapter 13 setting. This Court agrees with the conclusions in *Robertson* and also notes that an abandonment, to be effective, must be clear and unmistakable. *In re Dalton*, 25 B.R. 654 (Bankr.E.D.Tenn.1982). Debtor fails to meet this test because while she claims to have abandoned her "interest" in the property, she has failed to likewise vacate the residence.

The bankruptcy court is a Court of equity which must consider and weigh the consequences affecting all parties in interest. *In re Loiselle*, 1 B.R. 74, 76 (Bankr.R.I. 1979). Here, it is inequitable to allow the Debtor to say she is abandoning her interest in the residence yet also allow her to continue to occupy it. This unjustly frustrates Davis' attempts to collect his debt which the Court will not countenance. It is, therefore,

ORDERED that Davis' Motion to Vacate Order Confirming Debtor's Chapter 13 Plan and the relief sought herein is granted; and

FURTHER ORDERED that Debtor shall amend her plan within ten (10) days of the entry of this Order to provide that the property be surrendered to Gordon Davis pursuant to § 1325(a)(5)(C). Debtor's failure to comply with this Order will result in the dismissal of this case without further notice or hearing.