**In re Samuel SERVICE, and Victoria Service, Debtors.**

**Bankruptcy No. 92–46471–399. Motion No. 24.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 20, 1993.

Adam S. Elbein, Elbein & Goldberg, St. Louis, MO, for debtors.

Arthur S. Hyatt, Clayton, MO, for Sec. Pacific.

John V. LaBarge, Jr., St. Louis, MO, trustee.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

This case is before the Court on a Motion to Reconsider this Court's denial of Debtors' Motion to Enforce Plan Terms and to Order Abandonment of Real Property. The issue before the court is whether surrender of property to a secured creditor under 11 U.S.C. § 1325(a)(5)(C) pursuant to the terms of a confirmed Chapter 13 plan compels the secured creditor to accept title to the surrendered realty.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for

the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(A).

### FACTS

Samuel and Victoria Service (the "Debtors") filed a joint petition for relief under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 101 et seq.) (the "Code") on September 23, 1992. Security Pacific Financial Service, Inc. ("Security Pacific") is a secured creditor, holding a deed of trust on a parcel of real estate owned by the Debtors and located at 5092 Minerva. Simultaneous with their Chapter 13 petition, Debtors filed their bankruptcy schedules and Chapter 13 plan. In their Chapter 13 plan, Debtors proposed to surrender their property at 5092 Minerva to Security Pacific in satisfaction of Security Pacific's secured claim. Debtors' plan also provided for payment of any deficiency claim owed to Security Pacific.[1]

Security Pacific filed a Motion for Relief from the Automatic Stay. Debtors consented to relief and the Court granted Security Pacific's Motion on December 7, 1992. Thereafter, Debtors' Chapter 13 plan was confirmed without objection. In March 1993, Debtors filed a Motion to Enforce Plan Terms and to Order Abandonment of Real Property. In this motion, Debtors requested the Court compel Security Pacific to accept surrender of its collateral and foreclose on the realty. After a hearing on April 22, 1993, the Court denied Debtors' motion.

Debtors are now before this Court on a Motion for Reconsideration, seeking once more, an order from the Court compelling Security Pacific to foreclose on the realty and take title in its name. Debtors reassert that failure of Security Pacific to fore-

---

1. Security Pacific filed a proof of claim, asserting a secured claim in the amount of $11,250.00. John V. LaBarge, the Chapter 13 Trustee objected to the claim on the grounds that the plan provided for satisfaction of Security Pacific's claim through surrender of Security Pacific's collateral. Therefore, Trustee objected that the secured claim should not be paid through the plan and that an amended claim may be filed for any deficiency. To the present date, Security Pacific has not filed an amended proof of claim for any deficiency claim nor has there been a determination as to the value of the realty surrendered.

close on the surrendered realty has placed the Debtors at "risk of liability for taxes, personal injury, housing violations, etc." and that Security Pacific's failure to take back the property "violates 11 U.S.C. § 1325(a)(5)(C) which gives the Debtor the option to surrender collateral." [Debtor's Motion to Enforce]. The issue before the Court, therefore, is whether a creditor can be compelled to accept surrender of its collateral under § 1325(a)(5)(C).

## DISCUSSION

Section 1325(a)(5) provides that

(a) ... the court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

**(C) the debtor surrenders the property securing such claim to such holder; and**

(11 U.S.C. § 1325(a)(5)(B) [emphasis added]).

Debtors contend that because § 1325(a)(5)(C) allows them to surrender collateral to Security Pacific in satisfaction of its secured claim, Security Pacific must accept surrender of the collateral, that is, foreclose on the property and take title in its name, in order to give meaning to Debtor's election under § 1325(a)(5)(C).

■ The Code nowhere defines or elaborates on the meaning of "surrender" as it is used in Chapter 13. However, in explaining the distinction between "abandonment" and "surrender" under the Bankruptcy Code, one Court explained that surrender of collateral requires a mutual agreement between the parties. *In re Robertson*, 72 B.R. 2, 4 (Bankr.D.Colo.1985). In *Robertson*, noting the absence of authority discussing or defining the term "surrender," the court looked to *Black's*

*Law Dictionary* and observed that "surrender" is "a contractual act and occurs as a result of the consent of both parties." *Id. See also, In re Williams*, 70 B.R. 441, 443 (Bankr.D.Colo.1987) (citing with approval the *Robertson* definitions of abandonment and surrender); *In re Rimmer*, 143 B.R. 871, 876 (Bankr.W.D.Tex.1992) (stating that a debtor could not surrender collateral in a confirmed plan absent consent of the secured creditor).

■ This Court adopts *Robertson's* understanding of "surrender." In the instant case, Security Pacific is unwilling to accept title to the realty in its name. Thus, although the Debtors have provided for satisfaction of Security Pacific's secured claim by surrendering its collateral, absent Security Pacific's consent, Debtors may not compel this creditor to accept surrender nor enforce its rights and take title to the realty. In this case, Security Pacific has been given the remedy of receiving its collateral in satisfaction of its secured claim pursuant to § 1325(a)(5)(C). Additionally, Security Pacific has obtained relief from the automatic stay to pursue any other remedies it has under its note and deed of trust. Whether to proceed with its remedies is within the sole discretion of Security Pacific, and Debtors may not compel Security Pacific enforce its rights.

■ Alternatively, even if Debtors contend they are surrendering the collateral by "abandoning" it to the creditor, the Court cannot grant Debtors the order they seek. Section 554 of the Code addresses abandonment of property of the estate. Under § 554, "after notice and hearing, the trustee [or debtor in possession] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The legislative history of § 554(a) explains that this section authorizes abandonment to "any party with a possessory interest in the property abandoned." S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) *reprinted in Collier on Bankruptcy*, (Lawrence P. King ed.) Appendix vol. 3, V. at 92 (15th ed. 1992); H.R.Rep. No. 95–595, 95th Cong.,

1st Sess. (1977) *reprinted in Collier on Bankruptcy,* (Lawrence P. King ed.) Appendix vol. 2, V. at 377 (15th ed. 1992). In the instant case, Debtors propose to surrender or abandon property to Security Pacific. Security Pacific, however, is not in possession of the property and thus, abandonment to the Security Pacific is not permissible.

Abandonment typically contemplates a determination by a trustee or the debtor-in-possession that a certain property is not beneficial to the bankruptcy estate. Thereafter, the trustee or debtor-in-possession releases the property to the debtor. Here, the debtor wishes to force the property upon a non-possessory entity. The Code does not authorize such a transaction under the guise of abandonment.

For the foregoing reasons, the Court cannot compel acceptance of the surrendered property nor may the Court authorize surrender by abandonment. The Court observes that because Security Pacific has chosen not to file an unsecured claim, because it has not accepted surrender of its collateral in satisfaction of its secured claim, and because it failed to object to confirmation of Debtors' plan, Security Pacific will receive no distribution. Accordingly,

IT IS ORDERED that Debtors' Motion for Reconsideration of this Court's Ruling of April 22, 1993, and its Order of May 10, 1993 be and is hereby DENIED.