In re Michelle HARRIS, Debtor.

Bankruptcy No. 99–22915.

United States Bankruptcy Court,
D. Connecticut.

Feb. 7, 2000.

---

Walter J. Onacewicz, Law Offices of Martin W. Hoffman, West Hartford, CT, Counsel To Objecting Creditor, Elizabeth Horn.

Charles A. Maglieri, Bloomfield, CT, Counsel To Debtor.

Molly T. Whiton, Ten Columbus Boulevard, Hartford, CT, Chapter 13 Standing Trustee.

**1.** The matter of whether the debtor's Chapter 13 plan may otherwise be confirmed is not

*RULING ON CREDITOR'S OBJECTION TO PLAN CONFIRMATION*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

The sole issue dealt with in this ruling is whether a secured creditor's objection to confirmation of a debtor's Chapter 13 plan is sustainable where the objection is based upon the creditor's opposition to a plan provision which provides that the debtor will surrender to the creditor the property that is the collateral for the creditor's allowed secured claim.[1] *See* Bankruptcy Code § 1325(a)(5)(C) ("... the court shall confirm a plan if—(5) with respect to each allowed secured claim provided for by the plan—(C) the debtor surrenders the property securing such claim to such holder."). In short, the creditor contends that § 1325(a)(5)(C) may only be used by the debtor when the creditor agrees to accept the surrender of the liened property. The court concludes the objection is both unsupported and unconvincing, and the objection is overruled.

### II.

Michelle Harris ("the debtor") filed a Chapter 13 petition on September 3, 1999. The debtor's fourth amended plan, filed on January 11, 2000, provides that as to the property known as 30 Hillside Street, Unit A–17, East Hartford, Connecticut ("the property"), the allowed secured claim held by Elizabeth Horn ("the creditor" or "Horn") on the property shall be paid under § 1325(a)(5)(C) by the debtor "surrendering said property to Elizabeth Horn immediately upon Confirmation of the Plan." (Plan ¶ 2.b 4.) The plan further provides that holders of general unsecured claims receive nothing.

before the court at this time.

The court, on the debtor's motion pursuant to Bankruptcy Code § 506(a) and Fed. R. Bankr.P. 3012, had, on December 7, 1999, determined the value of the debtor's interest in the property to be $12,500; the claim of Coachlight Village Condominium Association for priority common charges of $1,352 to be fully secured; the claim of the Town of East Hartford for real estate taxes of $7,052.36 to be fully secured; the first mortgage claim of Horn to be secured to the extent of $4,095.64 and unsecured in the amount of $35,904.36. The property is not the debtor's residence. Horn filed a proof of claim for money loaned as a secured claim indicating the value of the collateral as $12,500, and the amount of the claim as "$40,000, plus interest and attorney's fees."

### III.

Horn, in her memorandum of law in support of her objection to confirmation, states "... since [she] has objected to the confirmation of the Debtor's [Fourth] Amended Chapter 13 Plan and does not consent to the surrender of the collateral, said Plan cannot be confirmed." (Memorandum at 2). The sole authority cited by Horn for this proposition—*In re Service*, 155 B.R. 512 (Bankr.E.D.Mo.1993), stands rather for a different, although related, proposition. In *Service*, the debtor's Chapter 13 plan had been confirmed without objection. *Service* deals with an issue that may or may not arise in the instant matter—what happens if the secured creditor refuses to accept the debtor's surrender of the property securing the creditor's claim. *Service* appropriately held that any surrender of property by deed conveyance requires acceptance by the grantee to be effective. The same would be true under Connecticut law—*see, e.g., Wiley v. London & Lancashire Fire Ins. Co.*, 89 Conn. 35, 92 A. 678 (1914) (A deed in order to pass title to land must be delivered by grantor and accepted by grantee). *Service* further ruled that because the secured creditor would not accept "surrender of its collateral in satisfaction of its secured claim ... [it] will receive no distribution." 155 B.R. at 514. *Service*, accordingly, in no way supports Horn's objection.

No court has held that § 1325(a)(5)(C) requires consent of the secured creditor to be effectual, and a number of appellate courts, including the United States Supreme Court, have, albeit in passing, recognized this provision without indicating the consent of the secured creditor was a necessary component. *See Associates Commercial Corporation v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 1885, 138 L.Ed.2d 148 (1997) ("If a secured creditor does not accept a debtor's Chapter 13 Plan, the debtor ... [may] surrender the collateral to the creditor."); *Williams v. Tower Loan of Mississippi, Inc.*, 168 F.3d 845, 847 (5th Cir.1999) (Section 1325(a)(5)(C) gives a Chapter 13 debtor the option of adopting its provision). The court concludes a secured creditor's lack of consent to a §·1325(a)(5)(C) provision, by itself, is no barrier to plan confirmation.

### IV.

For the reasons stated, Horn's objection to confirmation of the debtor's Chapter 13 plan is overruled. It is

SO ORDERED.